Thorne v. Turck.

------

ALBERT C. THORNE, Respondent, *against* SOLOMON TURCK, Appellant.

(Decided January 4th, 1882.)

A complaint contained two causes of action, the first for false imprisonment and the second for malicious prosecution, both founded upon the same facts. At the trial, a motion to dismiss the second cause of action was denied, and both were submitted to the jury, who found for the plaintiff on the first and for the defendant on the second. *Held*, that there was no ground for complaint by the defendant for the denial of the motion to dismiss.

Money was obtained from the defendant, an officer of a company, by a person representing that the works of the company had been destroyed by an explosion, and that he had been sent as a messenger to defendant by the manager at the works, who had neglected to supply him with money for his expenses. Afterwards, the defendant, having learned that no such explosion had occurred, and being told by the manager that the description of the pretended messenger was exactly the plaintiff's, procured the arrest of the plaintiff therefor, without a warrant, by a police officer ; but after the plaintiff had been imprisoned three days, doubt arising as to his identity with the person who obtained the money, the defendant consented that he be discharged, and he was discharged

Thorne v. Turck.

accordingly. *Held*, that to an action for false imprisonment for such arrest of the plaintiff, reasonable grounds or probable cause therefor was not a defense; as the offense for which plaintiff was arrested was the obtaining of property by false pretenses, which is not a felony either at common law or by statute.

The jury found a verdict for plaintiff for $1,500 damages for such false imprisonment. *Held*, that, under the circumstances of the case, this amount was not so excessive as to require a reversal of the judgment.

APPEAL from a judgment of this court entered upon the verdict of a jury, and from an order denying a motion for a new trial.

In the evening of October 29th, 1880, a person called at the defendant's residence in this city, stating that there had been an accidental explosion at the Repauno Chemical Works, in New Jersey, whereof the defendant was a director; that he had been sent as messenger by one Appollonio, the manager, who in the excitement of the moment had neglected to provide him with money for expenses; and upon his request defendant gave him five dollars. On November 1st, the defendant received a telegram from Appollonio, saying no accident had occurred. The following day, Appollonio came to New York, and informed defendant, after hearing a description of the person, that it was exactly the plaintiff's. On November 3rd, the plaintiff was arrested by a detective, without a warrant, and at defendant's request. He was confined at the police station, until November 6th, when he was discharged, without any examination. The Police Court record is "Dis. on the evidence as there was a mistake in the identity," which was signed by defendant. This result came from the statement of a fellow clerk of the plaintiff, in the employ of Williams, Black & Co., that at the time when the interview was had by defendant, at his residence, with the pretended messenger, the plaintiff was at work in the firm's office.

The action was brought for two causes, false imprisonment and malicious prosecution. On the trial, the jury found for the plaintiff for fifteen hundred dollars damages on the first cause of action, and found for the defendant on the second. The defendant moved for a new trial on the minutes, upon

the ground, among others, of excessive damages.   The motion was denied, and judgment in favor of the plaintiff was entered on the verdict.   From the judgment and the order denying his motion for a new trial the defendant appealed.

*Chambers, Boughton & Prentiss*, for appellant.

*Hall & Blandy*, for respondent.

BEACH, J.—[After stating the facts as above.]—Under the circumstances, there is no ground for complaint by the defendant, from the refusal of the learned judge at trial term, to dismiss the complaint, as to the second cause of action.   That was for malicious prosecution, and the jury found for the defendant.   It was so distinct from and independent of the first ground of complaint, that the defendant could not have been prejudiced by its submission to the jury, if erroneous, or aided by its dismissal, had such course been proper.   Under the ruling of the court, the jury were called upon only to assess the plaintiff's damages by reason of the false imprisonment, and could not have been affected in the performance of the simple duty, by any disposition made of the motion to dismiss the second cause of action.

The question presented by the other branch of the case is of more difficulty.   The learned judge in the court below held the offense, from which the defendant suffered, and for which the plaintiff was arrested, not to have been a felony. By this disposition the issue of reasonable grounds existing for the defendant to have the plaintiff arrested was eliminated from the case, and the jury had but to assess the plaintiff's damages.   To make reasonable grounds or probable cause a defense, it was needful a felony should have actually been committed.

I think the offense charged upon the plaintiff was the obtaining of property by false pretenses, and was not a larceny.   The distinction between the two, is, in the first, the person intends to part with his title, and does not, in the second.   The cases hold that where by trick or artifice the owner is induced to part with possession of property for a special

purpose, to one who receives the same *animo furandi*, the owner still intending to retain the right of property, its appropriation by him to his own use is larceny ( *Weyman* v. *People*, 4 Hun, 511; *Macino* v. *People*, 12 Hun, 127; *Loomis* v. *People*, 62 N. Y. 322). In these cases, there was a mere parting with the temporary possession of property with clear intention for its specific return or that of its proceeds. This was wanting in the case at bar. The defendant had no idea of a return of the five dollar note, and nothing indicates a design on his part to give the party who received it a temporary possession, looking for its return after some specific purpose was accomplished, and such possession thereby ended. It is urged, the money was given for a specific purpose, to wit, the payment of expenses. This is true, yet still not the specific purpose meant by the adjudications. That is one which attaches to the disposition as indicative of the intention under which delivery is made, as, for instance, a deposit of money for safe keeping, to be returned, or the surrender of goods for exhibition by the receiver to a customer, with an understanding for their return if not sold, or of the proceeds if disposed of. The person to whom the defendant gave the five dollars received title, and could dispose of it as he saw fit. His statement of wishing it to pay expenses was part of the misrepresentation inducing the defendant to pay it over, and not a qualification of the delivery.

The plaintiff was therefore charged with having obtained the money by false pretenses. This offense is not a felony at common law or made so by statute. The statutory definition of that term is restricted in terms to its use in the statute. This question was distinctly passed upon by the court of last resort in *Fassett* v. *Smith* (23 N. Y. 252), and must be considered *res adjudicata*.

The jury rendered a verdict in plaintiff's favor for fifteen hundred dollars. The proof shows him to have been taken from his hotel and confined in the police station from the afternoon of November 3d to the morning of the 6th. At least three times he was taken to and from the court, and though formally discharged, the defendant on this trial testified

to an existing belief of his criminality, while his fellow clerk swore without qualification to his being in his employers' office, at the time the offense was committed. Even under these circumstances I am of opinion that the damages are liberal, but not excessive, in the light of having been awarded under an effect produced by passion, prejudice or other undue influence.

The judgment and order should be affirmed with costs.

VAN HOESEN, J.—The defendant was not prompted by malice. He acted upon information on which he had a right to rely ; and conceding that that information was incorrect, he should not have been mulcted in exemplary damages. Compensation should have been awarded to the plaintiff, but nothing more. I hardly think the damages were estimated on that principle. There is, I apprehend, some reason to believe that the jury were induced to punish Turck for what he did. As I am not able to say with certainty, however, that the verdict was *grossly* excessive, or the result of passion or prejudice, I shall concur in the conclusion stated by Judge BEACH (*Leeman* v. *Allen*, 2 Wils. 160 ; *Edgell* v. *Francis*, 1 Mann. & G. 222 ; *Creed* v. *Fisher*, 9 Exch. 472).

Judgment and order affirmed, with costs.