ALBERT C. THORNE, Respondent, *v.* SOLOMON TURCK Appellant.

To constitute the crime of larceny there must be both a trespass and a felonious intent; where the owner of property, although induced by false pretenses, parts with possession, intending to surrender absolutely his title thereto, it is not larceny.

A person called at defendant's residence and falsely stated that certain chemical works, belonging to a company of which defendant was a director, had been destroyed by an explosion, and that he had been sent as a messenger by the manager; also that the latter had neglected to provide him with money to pay his expenses back, and at his request defendant gave him $5 for that purpose. Defendant, supposing plaintiff to be the person, caused his arrest without a warrant. In an action for false imprisonment, *held*, that the offense committed, by the pretended messenger, was not a larceny, but the obtaining of property by false pretenses, and so was not a felony; and that the arrest was illegal.

*Loomis* v. *The People* (67 N. Y. 322), distinguished.

The complaint contained a separate cause of action for malicious prosecution. A motion by defendant's counsel to dismiss the complaint as to that cause of action was denied; as to it, however, the jury found for defendant, but rendered a verdict for plaintiff upon the first cause of action. *Held*, that the denial of the motion, even if erroneous, could have had no injurious effect, and so was not ground for reversal.

(Argued October 22, 1883; decided November 20, 1883.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made January 7, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The complaint in this action contained two counts, one for false imprisonment, the other for malicious prosecution.

The facts appearing are substantially as follows:

In the evening of October 29, 1880, a person called at the defendant's residence in New York city, stating that there had been an accidental explosion at the Repauna Chemical Works in New Jersey, whereof the defendant was a director; that he had been sent as messenger to notify him of this by one Apollonio, the manager, who, in the excitement of the moment, had neglected to provide him with money for expenses; that he had not sufficient money to return home; and upon his request defendant gave him $5. On November 1, the defendant received a telegram from Apollonio, saying no accident had occurred. The following day Apollonio came to New York, and informed defendant, after hearing a description of the person, that it described exactly the plaintiff. On November 3 the plaintiff was arrested by a detective without a warrant, and at defendant's request he was confined at the police station until November 6, when he was discharged without any examination. The police court record is: "Dis. on the evidence, as there was a mistake in the identity;" which was signed by defendant. This result came from the statement of a fellow clerk of the plaintiff in the employ of Williams, Black & Co., that at the time when the interview was had by defendant at his residence with the pretended messenger the plaintiff was at work in the firm's office.

The jury found for plaintiff as to the first cause of action, and for the defendant as to the second. The further material facts appear in the opinion.

*William P. Chambers* for appellant. Where a felony has in fact been committed, and there was reasonable ground to suspect the person arrested, a warrant is not necessary to justify the arrest. (1 Hale's P. C. 5,888; 2 Coke's Inst. 51; 1 Chitty's Cr. L. 15; 3 Barb. Cr. L. [2d ed.] 550; *Samuel* v. *Payne*, Douglas, 359; *Beckwith* v. *Philby*, 6 B. & C. 635; *Haley* v. *Mix*, 3 Wend. 350; *Farnam* v. *Feeley*, 56 N. Y.

451.) The taking with felonious intent, and the trespass in wrongfully converting the property of another are two of the distinctive characteristics of larceny. (*People* v. *Call*, 1 Denio, 122 ; *Hildebrand* v. *People*, 56 N. Y. 393 ; *Regina* v. *McKall*, 11 Cox's C. C. 32 ; *Rex* v. *Murray*, 1 Moody's C. C. 276 ; *Smith* v. *People*, 53 N. Y. 113 ; *Loomis* v. *People*, 67 id. 327.) Even where the money is voluntarily delivered to the wrong-doer in faith that he, himself, will return it, and thus some credit is placed upon his personal responsibility, it is larceny. (*Loomis* v. *People*, 67 N. Y. 327 ; *Regina* v. *Horner*, 1 Leach, 305 ; *Rex* v. *Robson*, R. & R. C. C. 413.) If money or property is delivered by the owner to a person for mere custody, or charge, or for some specific purpose, the legal possession remains in the owner, and a criminal conversion of it by the custodian is larceny. (*People* v. *McDonald*, 43 N. Y. 64; *Justices* v. *People, ex rel. Henderson*, 90 id. 12 ; Whart. Cr. Law [6th ed.], § 813 ; *Collins* v. *Ralli*, 20 Hun, 246 ; 85 N. Y. 637; *Zink* v. *People*, 6 Abb. N. C. 424, note 413–14 ; *Ward* v. *People*, 3 Hill, 398.) To take the offense out of the definition of larceny, it is necessary that the owner should have consented " to part with the property and not the naked possession for a special purpose." (*Bassett* v. *Spofford*, 45 N. Y. 391 ; *Weyman* v. *People*, 4 Hun, 311; 6 N. Y. Sup. Ct. 698; 62 N. Y. 623.) He must have parted with possession of his property with intent to pass the title to the wrong-doer. (*Barnard* v. *Campbell*, 58 N. Y. 76.) Petit larceny was a felony at common law. (4 Blackst. Com. 99 ; 1 Hawk. P. C. chap. 33, § 4; 1 Hall's P. C. 43 ; *People* v. *Finn*, 26 Hun, 59.) Prior to the time this money was taken, no statute of this State had changed the character of the offense. (*People* v. *Finn*, 26 Hun, 59 ; *Ward* v. *People*, 3 Hill, 395 ; *Carpenter* v. *Nixon*, 5 id. 262.) The Revised Statutes do not assume " to define the meaning of the term ' felony ' " except when used in a statute. (*Fassett* v. *Smith*, 23 N. Y. 257.) The common-law rule that petit larceny is a felony has not been changed by the Revised Statutes, and it remains in force as to all questions controlled solely by the common law. (*People*

v. *McArdle*, 1 Wheeler's Cr. Cas. 101 ; *People* v. *Adler*, 3
Park. Cr. L. 249.)   The question of probable cause or reason-
able ground for suspicion, whether it arises in actions for
malicious prosecution or false imprisonment, is one of law, un-
less the evidence out of which it arises is conflicting.   (*Burns*
v. *Erben*, 40 N. Y. 466 ; *Bulkley* v. *Keteltas*, 6 id. 387 ; *Heyne*
v. *Blair*, 62 id. 22 ; *Thaule* v. *Krekeler*, 81 id. 428 ; *Wallace*
v. *Mayor, etc.*, 9 Abb. 44 ; *Erben* v. *Lorillard*, 19 N. Y. 302–3;
*Arthur* v. *Griswold*, 55 id. 408.)   Even if the arrest, without
a warrant, gave plaintiff a technical cause of action, no punitive
damages were recoverable.   (*Wallace* v. *Mayor*, 9 Abb. 44 ;
*Taylor* v. *Church*, 8 N. Y. 457–460 ; *Littlejohn* v. *Greeley*,
13 Abb. 57 ; *Williams* v. *Garrett*, 12 How. 457.)

*Nathaniel C. Moak* for respondent.   Obtaining money by
false pretenses does not constitute a felony.   (3 R. S. [Banks'
6th ed.] 948 ; *Ranney* v. *People*, 22 N. Y. 413, 416–17 ;
2 R. S. 1677, § 53 ; 2 Edm. 697 ; *Shay* v. *People*, 22 N. Y.
317 ; *Fassett* v. *Smith*, 23 id. 252 ; *Mowrey* v. *Walsh*, 8 Cow.
238 ; *People* v. *Park*, 41 N. Y. 24 ; *Loomis* v. *People*, 67 id.
322, 326, 329.)   No felony having been committed, the arrest
of plaintiff by defendant, or through his procurement, .with-
out a warrant, was illegal, and furnished a good cause of action
for false imprisonment, without regard to the questions of
probable cause or reasonable ground for suspicion against
plaintiff ; and the court committed no error in holding that the
only question for the jury on the first cause of action was one
of damages.   (*Burns* v. *Erben*, 40 N. Y. 463, 466, 468 ; *Meyer*
v. *Clark*, 41 N. Y. Supr. Ct. 107 ; *People* v. *Pratt*, 22 Hun, 300,
301.)   The court will not set aside a verdict on the ground
that the damages are excessive unless it is convinced that they
are.   (*Coleman* v. *Southwick*, 9 Johns. 45 ; *Gale* v. *N. Y. C.,
etc., R. R. Co.*, 13 Hun, 1 ; *Bierbauer* v. *N. Y. C., etc., R. R.
Co.*, 15 id. 559.)   It was discretionary with the judge below
whether to grant or refuse a new trial on this ground.
(*Cheney* v. *N. Y. C. & H. R. R. R. Co.*, 16 Hun, 415 ; *Litchut*
v. *Treadwell*, 18 Alb. L. J. 39.)   Although the General

Term has power to review such discretion, still it will not interfere therewith unless it clearly appears to have been arbitrarily exercised. (*Cheney* v. *N. Y. C. & H. R. R. R. Co.,* 16 Hun, 415.) This court cannot review the question of excessive damages. (*Metcalf* v. *Baker*, 57 N. Y. 662; *Gale* v. *N. Y. C. & H. R. R. R. Co.,* 76 id. 594; *Oldfield* v. *N. Y. & H. R. R. Co.,* 14 id. 310, 319, 321; *Young* v. *Dows*, 30 id. 134; *Van Schaick* v. *Third Ave. R. R. Co.,* 38 id. 353; *Ostrander* v. *Fellows*, 39 id. 350; *Standard Oil Co.* v. *Amazon Ins. Co.,* 79 id. 510.)

MILLER, J. The complaint in this action alleges two causes of action. *First*, for false imprisonment in procuring plaintiff's arrest without a warrant for the alleged offense of stealing and carrying away money of this defendant by trick and device; *Second*, for malicious prosecution in preferring a charge for the same offense.

There was sufficient proof upon the trial to establish the fact that the plaintiff was illegally arrested without a warrant, and we think there was no error in the refusal of the judge to dismiss the complaint as to this cause of action. The motion to dismiss was based upon the ground that a felony had been committed, and that there was reasonable ground to suspect that the plaintiff was the guilty party, and under these circumstances that no warrant was necessary to make the arrest. The evidence showed that the defendant was a director in the Repauno Chemical Works situate in New Jersey; that a person, whom he supposed was the plaintiff, came to the defendant's house in New York and represented that he had been sent there by the superintendent of the works to inform him that the glycerine factory at the works had exploded, destroying the lives of two men and the factory also; he stated that he had not received money enough to pay his expenses and that he required $4 or $5 to take him back, and defendant, believing his statement, gave him $5 to pay his expenses. The statement made to defendant was false, and the defendant, caused plaintiff's arrest in consequence thereof. The appellant claims

that the offense was larceny, and that the money was taken from the defendant with a felonious intent and converted to his own use by the plaintiff. To constitute the crime of larceny there must be a trespass committed and a felonious intent, and without these elements no such offense can be made out. We think that the offense proven was not one of larceny, but merely one of false pretenses, and came within the provisions of section 58, 3 Revised Statutes (6th ed.), page 948, which declares that "every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other false pretense, * * * obtain from any person any money * * * upon conviction shall be punished," etc. In *Fussett* v. *Smith* (23 N. Y. 252) it was held that a violation of the provisions of the statute cited was not a felony either at common law or under the statute. The distinction which exists between larceny and false pretenses is a very nice one, but no case has gone to the extent of holding that money obtained in the manner and under the circumstances shown in this case constitutes the crime of larceny. The money here was voluntarily parted with by the owner for the purpose of being expended in the payment of the expenses of the person who obtained it. It was not to be kept for the benefit of the owner or to be returned to him, and no right was retained to the same. The most that can be said as to the owner's right to the money is that there was a promise to pay back to him the same amount.

It was procured by direct artifice or device within the statute, and no trespass was committed against the owner. Neither can it be said, we think, that in law there was an *animus furandi* on the part of the person procuring the money. The case of *Loomis* v. *People* (67 N. Y. 322; 23 Am. Rep. 123) is relied upon by the counsel of both sides, but we think it falls far short of holding that the obtaining of money upon a false representation, with an absolute surrender of the title to the same, constitute the crime of larceny. In that case the money was parted with for a specific purpose and without any intention of parting with the title to the same. It is there laid down that, "even although the owner is induced to part with

Opinion of the Court, per MILLER, J.

his property by fraudulent means, yet if he actually intends to part with it and delivers up possession absolutely, it is not larceny;" and further it is said "it will be observed that the intention of the owner to part with his property is the gist and essence of the offense of larceny and the vital point upon which the crime hinges and is to be determined." Within the rule laid down it is apparent that there was an intention to part absolutely with the money in the case at bar, and it, therefore, cannot be claimed that the case cited sustains the position contended for by the appellant's counsel. In the case last cited it is stated that if a person *animus furandi* avail himself of the temporary possession of property, obtained by consent for a special purpose, to convert the property in the thing to himself and defraud the owner thereof, he certainly has not the consent of the owner. This has no application to a case where the property has been parted with absolutely, as is the fact here.

In the other cases cited by the appellant's counsel there was a temporary parting with the property for some specific purpose and they are not directly in point.

As no larceny was committed it is not necessary to consider the question as to whether petit larceny is a felony.

The refusal of the court to dismiss the complaint as to the second cause of action was not, in view of all the facts, such a ground of error as would authorize a reversal of the judgment.

In this respect the judge left it for the jury to say whether there was probable cause, and he charged them "that if they believed that Mr. Turck was under the honest supposition that this was the culprit who had taken his money, and it was a reasonable supposition, that it was such a conviction that a man of ordinary prudence would have entertained, and that there was reason and probable cause for Mr. Turck's supposing that this was the culprit, that would be the end of the plaintiff's action as to the second cause of action." We think that as the second cause of action was distinct from the first, the jury could not have been prejudiced by the submission of the same to them in the form in which it was presented by the judge, and that its dismissal would not have aided the defendant in

reference to the first cause of action.   The jury having found in favor of the defendant in reference to this branch of the case, it may be assumed that they disregarded all matters relating to the second cause of action in disposing of the first.

By their verdict they found no want of probable cause in making the charge and that it was not made with a malicious intent, and it would be going very far to hold that they permitted either of these questions to influence their verdict in reference to the first cause of action.   They were merely called upon under the judge's charge to assess the damages as to the first cause of action, if they found the second was not sustained, and it is not apparent how any injury could have accrued to the defendant by the refusal of the judge to dismiss the complaint upon the ground referred to.   It being manifest that the jury could not have been prejudiced even if the judge erred in regard to the motion to dismiss the complaint as to the second cause of action, we are not called upon to reverse the judgment upon that ground.

In regard to the damages the case does not disclose that any point was made as to the right of the plaintiff to recover for punitive or exemplary damages and it is not presented by any exception upon the trial.   This court has no authority to review the question as to excessive damages, and we are, therefore, not called upon to determine whether the damages recovered by the plaintiff were larger than were warranted by the testimony.

There was no error on the trial and the judgment should be affirmed.

All concur.

Judgment affirmed.