BERTRAND CLOVER, JR., Respondent, v. THE GREENWICH IN-
SURANCE CO. OF THE CITY OF NEW YORK, Appellant.

Where it affirmatively appears that an erroneous charge could not have
affected the verdict it is not ground for reversal.

A policy of fire insurance required proofs of loss to be made within thirty
days after a fire, and provided that the loss should be payable sixty days
after notice thereof and proofs of loss have been received by the company;
it also provided that in case of differences in regard to the loss or damage
they should be submitted to arbitrators. In an action upon the policy, held,
that the words "proofs of loss," in the clause in regard to payment, re-
ferred to the proofs to be furnished within thirty days, and that an action
brought three days after an award by arbitrators, appointed as provided
by the policy, but more than sixty days after proofs of loss were served,
was not prematurely brought.

The insurance was upon plaintiff's interest, which was an undivided half
of the buildings insured. An allowance was made by the arbitrators for
the expense of removing the machinery in the buildings preparatory to
the work of repair. Defendant offered to prove that plaintiff's co-tenant
had received an award from other insurance companies, in which was
included the expense of removing the machinery. Held, that the evi-
dence was properly rejected, as the proof would not affect defendant's
liability.

The policy contained a clause providing that it should be optional for
defendant to repair or rebuild within a reasonable time, giving notice
of its intention so to do within sixty days after completion of the proofs
of loss therein required. Defendant, on the next day after the award,
refused to pay; it offered to prove that three days thereafter it offered to
repair; this was rejected. Held no error; that the proofs referred to
in the clause in reference to repairs were the proofs required to be fur-
nished within thirty days, not to any subsequent proceedings, to ascer-
tain amount of loss; and that the option terminated when a right of
action accrued to plaintiff upon the policy.

The policy provided "that the cash value of property destroyed or damaged
by fire shall in no case exceed what would be the cost to the assured *
* * of replacing it." Held, this provision assumed that the ascer-
tainment of the cost of replacing is a legitimate method of determining
the amount of damages; and that an allowance for the expense of remov-
ing machinery from the building preparatory to making repairs was
proper; also, as the fact that the machinery belonged to some other per-
son did not necessarily exempt the insured from the necessity and cost of
removing it, that fact alone did not prevent such an allowance; also, that
the existence of a contract between plaintiff and other persons by which

he could compel them to remove the machinery did not diminish defendant's liability.

(Argued December 18, 1885 ; decided January 19, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 11, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This was an action upon a policy of insurance against loss by fire upon plaintiff's "undivided one-half interest" in certain buildings used as a saw and file factory.

The policy contained these clauses among others :

"The amount of loss or damage to be estimated according to the actual cash value of the property at the time of the loss, and to be paid sixty days after due notice and proof of the same, received at the office, made by the assured, in accordance with the terms and provisions of this policy, unless the property be replaced, or the company have given notice of their intention to rebuild or repair the damaged premises."

"Persons sustaining loss or damage by fire shall forthwith give notice, in writing, of said loss to this company, and within thirty days after the fire a particular statement of the loss shall be rendered to this company, signed and sworn to by the assured. * * * The assured shall, whenever required, submit to an examination or examinations under oath by any person appointed by this company, and subscribe to such examinations when reduced to writing, and shall also, as often as required, produce their books of account and other vouchers, and exhibit the same for examination either at the office of this company or such other place as may be named by its agent, and permit extracts and copies thereof to be made."

"In case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial appraisers, whose award in writing shall be binding on the parties as the amount of such loss or damage, but shall not decide the liability of the company under this policy ; and

it shall be optional with the company to repair, rebuild or replace the property lost or damaged, with other of like kind and quality, within a reasonable time, giving notice of their intention so to do within sixty days after the completion of the proofs herein required."

"The cash value of property destroyed or damaged by nre shall in no case exceed what would be the cost to the assured, at the time of the fire, of replacing the same; and in case of the depreciation of such property, from use or otherwise, a suitable deduction from the cash cost of replacing shall be made to ascertain the actual cash value."

"It is furthermore hereby provided and mutually agreed, that no suit or action against this company, for the recovery of any claim, by virtue of this policy, shall be sustainable in any court of law or equity until after an award shall have been obtained fixing the amount of such claim in the manner above provided, nor unless such suit or action shall be commenced within twelve months next ensuing after the loss shall occur, exclusive of any time consumed in arbitration; and should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, whether the *amount* of loss has or has not been adjusted, any statute of limitation to the contrary notwithstanding."

A fire occurred April 18, 1882. Plaintiff presented proofs of loss May 17, 1882. The parties not agreeing as to amount of loss, arbitrators were selected as prescribed by the policy, who, on September 5, 1882, made an award. On the next day defendant's secretary notified plaintiff's attorney that it would not pay. On September ninth this action was commenced.

The further material facts appear in the opinion.

*Adrian H. Joline* for appellant. If arbitrators take into consideration matters not submitted to them their award is void and the fact may be shown by parol testimony, even by that of the arbitrators in an action at law upon the award. (*Butler* v.

*Mayor, etc.,* 7 Hill, 329 ; *S. C.,* 1 Barb. 325; *Briggs* v. *Smith,* 20 id. 409 ; *People, ex rel. Wasson,* v. *Schuyler,* 69 N. Y. 242, 247 ; *Bouvine* v. *Milbank,* 5 Abb. Pr. 28 ; Morse on Arbit. and Award, 178, 181, 182, 186, 192, 213, 214 ; *Dalrymple* v. *Town of Wittingham,* 26 Vt. 345.) The court erred in excluding proof of the offer of the company to rebuild and plaintiff's refusal to permit rebuilding. (*Bals* v. *Home Ins. Co.,* 36 Barb. 614 ; affirmed, Court of Appeals, 36 N. Y. 522 ; *Morrell* v. *Irving Fire Ins. Co.,* 33 id. 429.) In order to constitute a waiver there must be evidence justifying a finding that with full knowledge of the facts there was an intention to abandon or not to insist upon the point claimed to be waived, or that it was purposely concealed under circumstances calculated to and which actually did mislead the other party to his injury. (*Devens* v. *Mech. & Traders' Ins. Co.,* 83 N. Y. 168.) Where special damages are alleged, but there is no proof of general damage, it is error to charge that the jury may give general damages. (*Vanderslice* v. *Newton,* 4 N. Y. 130.) The appraisal does not waive any of the other clauses of the policy, for it is binding only as to the amount of loss or damage. (*Gilligan* v. *Com. Ins. Co.,* 20 Hun, 93.)

*A. J. Perry* for respondent.

RUGER, Ch. J.    There were two items of evidence, only, upon which the verdict of the jury with respect to the amount of damages, could have been based, viz. : (1) The award of the arbitrators assessing it at $1,225, and (2) the proofs of loss in which it was stated to be $1,250. The court in charging the jury directed them to bring in a verdict for the amount appraised by the arbitrators, with interest from September 5, 1882, in case they should find that the arbitrators had not exceeded their authority, in making the award. The jury found for that sum, and the inference is quite conclusive that their verdict was founded upon the evidence furnished by the award, and not upon that contained in the proofs of loss. It is evident, therefore, that the defendant was not injured by the charge

of the trial judge to the effect, that if the jury found that the arbitrators exceeded their authority in making the appraisal of damages, the plaintiff was entitled to whatever damage he had suffered by the loss in question. There being no legal evidence of the amount of such damages, aside from the appraisal, an exception to the charge would have been fatal to the judgment, but for the fact that it affirmatively appears that it did not influence the verdict. (*Thorne* v. *Turck*, 94 N. Y. 90.)

The objection that the action was prematurely brought is not sustainable. The policy provides that the loss shall be payable, sixty days after due notice thereof, and proofs of the same, are received by the insurers. This clause evidently refers to the proofs of loss, required by the policy to be made by the insured, within thirty days after the fire, and not to any act of the plaintiff which might, or might not, be thereafter required of him, under the policy, by the insurers. The clause providing that the one year limitation, shall run against the assured, notwithstanding the pendency of proceedings to appraise damages, might otherwise enable the insurers by inaction and delay, to retard, if not defeat, any recovery on the policy. The provision authorizing an extension of the time of payment of a loss, until after certain proofs, declarations and certificates, are produced, seems to exclude the hypothesis that the defendant was also to have sixty additional days delay, after such proofs had been made. This provision contemplates a postponement of the right to bring an action only, until such proofs are made, and rebuts the inference that any longer delay was intended.

The action was not commenced until September 9, 1882, nearly four months after proofs of loss were served, and several days after the completion of the award of the appraisers, and was not, we think, prematurely brought. Neither, did the court commit any error in excluding the defendant's offer to show that the plaintiff's co-tenant had received an award, from other insurance companies, for a loss upon his individual interest in the property damaged, which included the expense of removing

the machinery, preparatory to the work of repairing the real property injured. That fact did not affect the liability of the defendant upon its policy to the plaintiff, and he was entitled to recover whatever it might be necessary for him to pay, in the restoration of the interest insured, to its original condition. The sole question in this case in respect to the item objected to is, whether the plaintiff might be subjected to the expense of making the removal referred to. This question was not affected by a proceeding between strangers to this action, in which the plaintiff took no part and had no interest, but was to be determined by the provisions of his policy.

As a defense to the action, the defendant offered to prove that on the 9th of September, 1882, it served upon the plaintiff a written offer, electing to rebuild or repair the property damaged. It then appeared in proof, that on the sixth day of September the defendant had refused to pay the award in question, and that nearly four months had elapsed since the service of the proofs of loss. The evidence was objected to and excluded by the court, to which ruling the defendant excepted. This evidence was claimed to be admissible, under the clause in the policy, providing that it should be optional with the company, to repair or rebuild the property damaged within a reasonable time, giving notice of their intention so to do, within sixty days after the completion of the proofs therein required. The proofs therein referred to are evidently the proofs of loss, unconditionally required to be made by the assured, according to the terms of the policy; and do not refer to the subsequent optional proceedings provided by the policy, for ascertaining the amount of a loss, which may or may not be required to be taken, in any given case. It would be an unreasonable construction of this contract, to extend the exemption of the defendant from suit, and give it a right to defeat an action already brought, to a period which it had the power to prolong indefinitely, even to the running of the limitation, provided by the policies in favor of the insurers. The words " proofs " and " proofs of loss " are used indiscriminately in several places in the policy, and wherever used, obviously refer to the particular statement of the loss re-

quired by the policy to be signed and sworn to by the assured within thirty days after the fire. Any other construction would involve the manifest absurdity of giving the assured a vested cause of action for his loss, and the defendant an indefinite right to defeat it, by a subsequent election to repair or rebuild the property damaged. We think this option, terminated when a right of action accrued to the assured, upon the policy by the expiration of the sixty days period of limitation, and the other express limitations therein provided.

The only remaining exception of any importance is that taken to the refusal of the court to direct a verdict in the defendant's favor upon the ground that the arbitrators exceeded their authority, in making their award. The court charged the jury that the arbitrators had no authority to go outside of the subject-matter submitted to them, and if they did so, their appraisal was not binding upon the parties. This direction was manifestly correct, unless there was undisputed evidence of an unlawful exercise of authority by the appraisers. We do not find such evidence in the case. The proof was in some respects obscure and conflicting, but we do not find any conclusive evidence that the arbitrators included in their award any item of damage not properly chargeable under the policy, to the defendant. The award was made for a gross sum, and nothing therein, shows the detailed items, of which it was composed. This was attempted to be established by the testimony of the appraisers, and proof of admissions made by one of them. There was no item of damage questioned by the defendant which was indisputably included therein, except that of the expense of removing machinery preparatory to making repairs. As we have already seen, such removal was a necessity in the work of restoring the premises to their original condition, and an allowance for its expense is clearly contemplated by the terms of the policy, providing that the cash value of the damaged property should not exceed the cost to the assured of replacing it. This provision seems to assume that the ascertainment of the cost of replacing, is a legitimate method of determining the amount of the damage. The fact that such machinery

wholly belonged to some other person, did not necessarily exempt the plaintiff from the necessity and cost of making its removal. Even if the plaintiff had the right to require the owners to effect its removal, he was under no legal duty to await their action in doing so, or to enforce such right against them for the benefit of the defendant.

The existence of a contract between the plaintiff and other persons by which he could compel such persons to effect such removal, did not diminish the liability of the defendant upon its policy. If the removal was a necessity of the repairs required to be made, and the policy indemnified the plaintiff for the expense of making such repairs, it would seem that the consideration of the amount of such expense, was within the authority conferred upon the appraisers.

The point taken upon an attempted distinction between damages to flues and chimney is not justified by the evidence. The witnesses use the words indifferently and sometimes alternately, and the evidence fails to show affirmatively that the appraisers awarded for any loss in respect thereto which was not incurred.

The judgment should be affirmed.

All concur.

Judgment affirmed.