WALTER S. McAllister, Respondent, v. NIAGARA FIRE INSURANCE COMPANY, Appellant.

*Silence, when not a waiver — New York standard fire insurance policy — time given the insurer to exercise an option to rebuild.*

Where a person is under no obligation to speak, his silence cannot be construed as a waiver of any of his rights.

A policy of fire insurance in the New York standard form reserved to the insurer the option either to pay the loss upon the building or rebuild the property, and further provided that if the company elected to pay the amount for which it was liable, such sum was payable within sixty days after the reception of "due notice, ascertainment, estimate and satisfactory proof of the loss." If, on the other hand, the company elected to rebuild the property, it must give notice of its intention to do so within thirty days after the receipt of the "proof herein required." It also provided that "the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

*Held*, that under the terms of such policy the company must exercise its option to rebuild within thirty days after the receipt of the proof of loss, and upon its failure to notify the insured within such time of its intention to rebuild, its right to do so was forfeited.

APPEAL by the defendant, the Niagara Fire Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 1st day of October, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Rockland Circuit, and also from an order entered in said clerk's office on the 28th day of September, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Robert Thorne*, for the appellant.

*Ambrose G. Todd*, for the respondent.

DYKMAN, J.:

This is an action upon a policy of fire insurance. Upon the trial a verdict was directed by the court in favor of the plaintiff, and the defendant has appealed from the judgment and from the order denying a motion for a new trial on the minutes of the court.

There seems to be no substantial dispute respecting the material facts of the case.

On the 15th day of December, 1892, the defendant issued a policy

of fire insurance in the New York standard form, by which it insured the house of the plaintiff at Congers, Rockland county, for $2,000.

On the 27th day of August, 1893, the house was totally destroyed by fire, and notice thereof was immediately given to the company.

On the 25th day of October, 1893, and in due time, the plaintiff served upon the company the proof of loss in regular form, as required by the policy. The company made no denial of its liability, and disputed only the amount of damage sustained.

It was unable to agree with the plaintiff on that point, and thereupon demanded the arbitration provided for in the policy. The arbitrators, failing to agree, submitted their differences to the umpire, who, with one of the arbitrators, made an award, by which they found the loss of the plaintiff to exceed the amount for which he was insured. The award was received and retained by the company without objection. On the 10th day of April, 1894, the company notified the plaintiff of its intention to rebuild the house. On the twenty-first day of April the company began to rebuild, and on the 23d day of April, 1894, notified the plaintiff of that fact. This letter was received, in course of mail, and on the fourth day of May following the plaintiff wrote to the company as follows: " We are, to-day, informed that you are taking steps to rebuild the McAllaster house at Congers, Rockland Co., N. Y. As we have already notified you, your right to rebuild is now gone. Anything you do in that direction is at your own peril. We shall not accept the house, and shall sue you for the insurance money as soon as we can legally do so." The company proceeded, however, with the work, and built the house.

On the nineteenth day of May the sixty days expired, within which an action could not be commenced upon a policy, and on the twenty-second day of that month this suit was commenced.

The company proceeded with the house, and on the 3d day of July, 1894, tendered the keys to the plaintiff, who refused to accept the same, and they were left upon his desk. He thereupon, forthwith, returned them to the company.

The only question in the case is whether the defendant exercised its option to rebuild in time. The contention of the plaintiff is that the company should have exercised such option within thirty

days after the receipt of the proof of loss required by lines 67 to 80 of the policy, whereas the defendant contends that the company had until thirty days after the service of the award of the arbitrators. The policy reserves to the insurance company the option either to pay the loss or replace the property. If the company elects to pay the amount for which it is liable, that sum is payable sixty days after the reception of " due notice, ascertainment, estimate and satisfactory proof of the loss." If, on the other hand, the company elects to replace the property, it must give notice of its intention to do so within thirty days after the receipt of the proof required by the policy, the language being " proof herein required."

What is meant by this phrase, and to what does it pertain ? In lines 93, 94 and 95 of the policy it is provided that " the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

This provision, read in connection with line 3 above quoted, shows that it relates to payment solely. The only provision for indemnity by rebuilding is in the 5th line of the policy, and that provision makes a notice of intention so to do within thirty days of the receipt of the proof of loss a condition precedent to the exercise of the right. While but little aid can be obtained in this case from adjudicated decisions, yet such judicial expression as we have is in favor of our construction. (*Clover* v. *Greenwich Insurance Co.*, 101 N. Y. 277; *McNally* v. *Phœnix Insurance Co.*, 137 id. 389.)

In relation to the defense of waiver raised by the defendant, it is sufficient to say that the claim is based upon the silence of the plaintiff, and that alone is insufficient. The plaintiff was under no obligation to speak. The contract of insurance rendered a notice of thirty days after the receipt of the proof of loss of an intention to replace a condition precedent of the right of defendant to do so. That right was forfeited by the failure to give notice in time. The mere silence of the plaintiff could not restore the right to rebuild.

The judgment and order denying the motion for a new trial should be affirmed, with costs.

PRATT, J., concurred ; BROWN, P. J., not sitting.

Judgment and order affirmed, with costs.