### G. W. LEARNARD & another *vs.* ALBERT BAILEY.

The recitals in a recognizance, under the Gen. Sts. *c.* 124, § 10, are not evidence as to matters not occurring in the presence of the magistrate before whom the recognizance was taken.

At the trial in the Superior Court of a case raising the issue whether a person was legally arrested on a writ from said court, the judge ruled on inspection of the writ that the *capias* clause therein was erased, and refused to admit evidence to show that no erasure was intended ; there was no question that the erasure, if any, was made before the writ was issued. *Held*, that the ruling was not open to exceptions.

A person arrested on mesne process, entered into a recognizance under the Gen. Sts. *c.* 124, § 10, and was examined by a magistrate, but afterwards made default. *Held*, in an action against the surety on the recognizance, (1) that he might show that the writ on

which his principal was arrested did not authorize the arrest; (2) that if the writ did not authorize the arrest the recognizance was void; and (3) that the writ could not be amended under the Gen. Sts. *c.* 129, § 42.

CONTRACT on a recognizance dated December 1, 1869, entered into by Joseph Goodfellow, as principal, and the defendant as surety, before a master in chancery, reciting that Goodfellow was brought before the magistrate, having been arrested by a deputy sheriff, on mesne process in an action of contract, and by virtue of a writ, issued in due form of law out of the Superior Court, in favor of the plaintiffs in this suit, to which writ was annexed an affidavit of the plaintiffs, an attested copy of which was attached to the recognizance; and conditioned that Goodfellow should deliver himself up for examination, make no default, and abide the final order of the magistrate thereon. The declaration alleged that Goodfellow made default at the time and place fixed for his examination on October 20, 1870.

At the trial in the Superior Court, before *Scudder,* J., the plaintiffs introduced the record of the recognizance, and contended that it was *prima facie* evidence of the matters therein recited as to the issuing of the writ, the affidavit thereon and the arrest, but the defendant objected that the writ itself must be produced and the judge sustained the objection. The plaintiffs thereupon offered in evidence the original writ, and it appeared that a line was drawn through the words " for want thereof to take the bod " printed in the writ. The defendant objected to the admission of the writ, and contended that the *capias* clause was erased, and that the arrest was without authority and the recognizance void. The plaintiffs contended that there had been no alteration of the writ, and further offered to show " that the line drawn through the words ' for want thereof to take the bod ' was accidentally drawn; that it was immediately rubbed through with the finger for the purpose of erasing it; that it was the design of the attorney to leave the *capias* clause in the writ; that the officer and the magistrate acting under the writ had proceeded as upon a *capias;* that Goodfellow had appeared before a magistrate, in accordance with the terms of this recognizance, on December 2, 1869, and entered on his examination with counsel, and

again on the 3d and 8th of January 1870; that thereafter said examination was continued from time to time, to await the result of proceedings against Goodfellow in bankruptcy; that in July 1870 his discharge in bankruptcy was refused; that there were subsequent hearings; and that on October 20, 1870, he was defaulted as alleged." But the judge excluded the evidence and ruled that the *capias* clause was erased, and that the arrest and recognizance were void.

The plaintiffs then requested that the defect, if any, might be rectified in accordance with the provisions of the Gen. Sts. *c.* 129, § 42; but the judge ruled that the case was not within the provision of the statute, and directed a verdict for the defendant, which was returned, and the plaintiffs alleged exceptions.

*I. Knowles, Jr.*, for the plaintiffs.

*R. Lund*, for the defendant.

CHAPMAN, C. J. The recognizance upon which this action is brought was taken before a master in chancery, and recites that Goodfellow, the principal, had been taken on a writ issued out of the Superior Court, and brought before him. It was necessary to prove the authority of the magistrate to take the recognizance, and if he acted beyond the limits of his jurisdiction the proceedings were *coram non judice* and void. *Piper* v. *Pearson*, 2 Gray, 120. His recital in the recognizance was evidence of what took place before him, but not of facts supposed to have occurred in his absence, and constituting the authority of the officer to make the arrest.

A question has arisen in this case whether the writ was a *capias*, and it was a question to be decided by the judge who tried the case. The writ was on file in his own court, and it must be tried by inspection of the writ. His decision as to what the writ contained was not subject to exception. *Commonwealth* v. *Davis*, 11 Gray, 4. *Ives* v. *Farmers' Bank*, 2 Allen, 236. He decided that the words in the writ, "for want thereof to take the bod ," which are found in printed blanks and constitute the *capias* clause, had been erased. And he excluded the evidence offered by the plaintiffs that the line drawn through the words was accidentally drawn; that it was immediately rubbed through with

the finger for the purpose of erasing it; that it was the design of the attorney to leave the *capias* clause in the writ; that the officer and the magistrate acting under the writ had proceeded as upon a *capias*, and that other facts had occurred subsequently upon the idea that it was such. It is contended that this evidence should have been admitted. But the evidence by inspection would naturally be presented first. If the judge had found upon inspection that it was doubtful whether there was an erasure or some discoloration which might be an erasure or something less than an erasure, evidence would be admissible as to how it was done and with what intent. But as it was for him to decide what the alleged erasure was, so it was for him to decide conclusively whether any of the evidence offered was material. There appears to have been no question that the act was done at the time when the blank was filled, and before the writ was issued. If he was satisfied that the erasure existed, the other evidence could furnish no aid in determining the matter before him.

Having decided that the writ contained no *capias*, he properly decided that the arrest was illegal. He was requested to rule that the defect, if any, might be rectified in accordance with the provisions of the Gen. Sts. *c.* 129, § 42, but he ruled that it was not within the provisions of that statute. This ruling was correct; for as the defect continued to exist until after the arrest and the taking of the recognizance, these acts would be void, and no subsequent amendment could give validity to them or to the recognizance. The verdict was properly directed for the defendant.

*Exceptions overruled.*