CHARLES P. COOK *vs.* WILLIAM P. HARRINGTON & another.

Suffolk.    Jan. 16. — Feb. 28, 1885.    FIELD, DEVENS, & COLBURN, JJ., absent.

If a debtor, arrested upon an execution, when taken before a magistrate, declares that he does not desire to take the oath for the relief of poor debtors, and is committed to jail, the magistrate is not authorized, upon the debtor's desiring subsequently to take such oath, to take a recognizance entered into by the debtor, under the Pub. Sts. c. 162, § 28.

CONTRACT upon a recognizance, entered into under the Pub. Sts. *c.* 162, § 28, by the defendant Harrington as principal, and the other defendant as surety, containing the recitals that Harrington, on June 26, 1883, was brought before Edward J. Jones, master in chancery for the county of Suffolk, "at the office of the jail in the city of Boston, by John A. Duggan, a

constable of said Boston, having been arrested by him, under and by virtue of a certain writ of execution in an action of tort," &c.; that the debtor, being interrogated by the magistrate, "says that he desires to take the oath for the relief of poor debtors, but does not now desire any time fixed for his examination, and requests that his recognizance with security may be accepted that within thirty days from the day of his arrest, to wit, from June 20, 1883, he will deliver himself up for examination before some magistrate authorized to act." The condition of the recognizance was that the judgment debtor would "within thirty days from the day of his arrest, to wit, from June 20, 1883, deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time and place fixed for his examination, and from time to time until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon."

At the trial in the Superior Court, before *Staples,* J., without a jury, the evidence showed that John A. Duggan, a constable of the city of Boston, on June 20, 1883, arrested Harrington on an execution in an action of tort, at the jail in Suffolk county, where he was then confined on an arrest in another action; that Harrington declined to apply for the oath for the relief of poor debtors, or to recognize; that a master in chancery, who had accompanied the constable to the jail, thereupon signed and affixed the following certificate to the execution: "Commonwealth of Massachusetts, Suffolk ss., June 20, 1883, the within-named William P. Harrington, having been arrested and brought before me by John A. Duggan, constable, was by me interrogated, and he declared that he did not desire to take any oath, or to recognize, or to give bail for his appearance at any time. And said William P. Harrington failed to recognize or give bail in any manner."

The evidence further showed, that, on this certificate being annexed, the constable made a return on the execution setting forth that, on June 20, 1883, he arrested the body of Harrington, and had him before the master in chancery, before whom he declared that he did not wish to take any oath or give bail

in any manner, and that the constable therefore committed him to jail, and left with the jailer an attested copy of the execution, with his return thereon.

It further appeared, that on June 26, 1883, the master in chancery went again to the jail; that Harrington was brought into the office of the jail, and was discharged from the process under which he was first imprisoned; that he then desired to take the oath for the relief of poor debtors, but did not desire any time fixed for his examination, and entered into the recognizance declared on. It was admitted that Harrington did not do what was required of him by said recognizance, but made default, and was duly defaulted thereon on July 21, 1883.

The defendants asked the judge to rule that the constable did not and could not legally arrest Harrington on June 20, 1883, when he was imprisoned in jail on other civil process; but the judge declined so to do, and ruled that there was evidence to warrant him in finding that Harrington was legally arrested on June 20, 1883, and was under arrest at the time he entered into the recognizance; and the judge so found, and also ruled that, regardless of such finding, the constable's return was conclusive as to Harrington's arrest.

The defendants also asked the judge to rule that the recognizance was illegal and void, because no statute authorized the taking of a recognizance like the one in suit, in a case where the debtor, when arrested on execution, did not desire to take any oath nor recognize, and the magistrate made a certificate thereof and annexed it to the execution, and by virtue thereof he was legally committed to jail; but the judge declined so to rule, and found and ordered judgment for the plaintiff. The defendants alleged exceptions.

*I. W. Richardson & T. S. Dame*, for the defendants.

*H. D. Gove*, for the plaintiff.

HOLMES, J. A magistrate is authorized by the Pub. Sts. c. 162, § 28, to take an execution debtor's recognizance to deliver himself up for examination within thirty days from the day of his arrest, only when the debtor is taken before him upon being arrested as required by § 27. By § 44, if at that time he does not desire to take an oath, he is to be kept in jail until he has recognized "as herein provided." This he can do by causing

notice to be given of his desire to take the poor debtor's oath, under § 31, and then recognizing that he will appear at the time fixed for his examination, &c., as provided in § 36. But when he has been taken before the magistrate and declared that he does not desire to take an oath, and thereupon has been conveyed to jail and kept there, it may be more than thirty days; the recognizance under § 28 ceases to be appropriate; and we do not understand the provisions of § 41, as to the discharge of a debtor imprisoned on execution, to be directed to that point. It follows that, whether the debtor was legally arrested or not on June 20, the magistrate had no jurisdiction to take the recognizance in this form, when he did so.

If the recital in the recognizance that Harrington was brought before the magistrate "by John A. Duggan, a constable of said Boston, having been arrested by him," imports that the custody of the constable had been continuous since the arrest, and that this is a case within § 28, the matter was one not within the personal knowledge of the magistrate, and was open to evidence, even if a jurisdictional fact would not always be. *Learnard* v. *Bailey*, 111 Mass. 160. The ruling that the recognizance was void should have been given, and it is unnecessary to consider the questions raised touching the arrest.

*Exceptions sustained.*