## SAMUEL NEWMAN, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*Arrest of an innocent person by a railroad detective under suspicious circumstances — liability of the railroad — when not liable for his detention by a police sergeant — when not liable to exemplary damages.*

A party who had purchased a ticket and sleeping berth, and was awaiting the departure of a railroad train, was arrested by a person acting as a detective in the employ of the railroad company; was taken before a police sergeant and was detained in custody during the night, and upon his examination the following morning was discharged. The cause assigned for his arrest was his general suspicious appearance, in support of which the detective testified that he had on a rubber suit and hood, part of which came down over his face; that there were holes in the hood through which he could see; that he had a moustache which the detective pulled off, and could see that he also had false whiskers. In his possession was a paper box which contained bottles of liquid substances, rags in an oily condition and eight or ten wax tapers, and upon these facts he was detained by the sergeant before whom he was taken.

In an action, brought to recover damages for his arrest and detention:

*Held,* that if his appearance, under the circumstances, were such as to justify the careful conclusion on the part of the officer that the plaintiff had either committed a felony, or was about to commit a felony, then he was excused for making the arrest, although it might turn out thereafter that the suspicion was unfounded.

That, although arrested by the officer, the railroad company was not liable for such damages as were caused by the action of the sergeant or police justice in detaining him, unless the officer requested that that should be done.

That as there was no evidence of any ill-will, or malice or wanton disregard of the plaintiff's rights in making the arrest, and as the arrest was made in good faith upon the suspicion, deemed to be warranted by the circumstances, that the party arrested was either a criminal or a person contemplating the commission of a crime, no case was presented for the allowance of exemplary damages.

Appeal by the defendant from a judgment entered, on the verdict of a jury, for $500, at the New York Circuit, in the office of the clerk of the county of New York, November 15, 1888, and from an order denying a motion on the minutes of the court for a new trial.

*Charles Steele,* for the appellant.

*J. Delahunty,* for the respondent.

DANIELS. J. :

The jury rendered a verdict in favor of the plaintiff for the sum of $500, as damages for his arrest and detention by the act of a person in the employment of the defendant as a detective. The arrest was made at the depot of the defendant where the plaintiff was awaiting the departure of a train on which he had purchased a ticket and sleeping berth to Lackawaxen. After his arrest he was taken before a police sergeant and detained in custody during the night, and upon his examination on the following morning and his identification by a reputable citizen of New York, he was discharged by the justice. The cause assigned for his arrest was his general suspicious appearance. The evidence as to this was obtained, in some degree, from the plaintiff himself, but it was chiefly given by the witnesses sworn on behalf of the defendant. The detective, who is alleged to have made the arrest, or directed the making of the arrest, testified that the plaintiff had on a rubber suit and a hood, part of which came down upon his face, leaving his mouth, and that part of it right under his nose, only visible ; that there were holes in the hood through which he could see ; that he had a moustache on, which was on one side, and the witness pulled it off, and when the cap was off he could see that he had false whiskers. He was regarded as a suspicious and disorderly person, and for that reason the arrest was made. In his possession was a paper box which contained bottles of liquid substances, rags in an oily condition, and eight or ten wax tapers, and upon these facts he was detained by the sergeant before whom he was taken.

The court held the arrest to have been without legal authority and unlawful, and one for which the defendant was liable in damages, if it was made by an officer of the defendant employed for this purpose. This ruling of the court seems, under the authorities, to have exceeded the legal rule, for there were circumstances in the case connected with the plaintiff's appearance and the contents of the box in his possession, and the statements made by him, from which it might be inferred that he was a person who either had committed or was contemplating the commission of a crime. At least the evidence upon this subject was sufficient to present that inquiry to the jury, and the court was in error in taking it from their consideration by the decision which was made.

It did not appear what was the law in the State of New Jersey upon this subject, but as the common law is presumed to prevail there, the officer was authorized to make the arrest if the facts were such as to indicate the plaintiff to have been either a criminal or a person contemplating the commission of a felony. This principle was considered in *Beckwith* v. *Philby* (6 Barn. & Cress., 635), where it was held that an officer was authorized to make the arrest and detention of an individual when there was reasonable cause to suspect that he had either committed a felony or was about to commit one, having in his possession the implements proper and necessary for that purpose. And whether the party arrested was accompanied by such circumstances as to warrant the belief that he was a criminal, or probably intended the commission of a felony, was a question for the jury and not for the court. The same general principle was followed in *Lawrence* v. *Hedger* (3 Taunt., 14), and it has the sanction of *Eanes* v. *State* (6 Humph. [Tenn.], 53) and *Holley* v. *Mix* (3 Wend., 350). In that case it was declared to be the law that "if no felony was committed by any one, and a private individual arrested without warrant, such arrest is illegal, though an officer would be justified if he acted upon information from another which he had reason to rely on." (Id., 353.) And this was approved in *Burns* v. *Erben* (40 N. Y., 463, 469). And to the like effect is 1 Hillard on Torts, 220, 221, and cases referred to in note. Whether the officer who was in the employment of the company was excused for making the arrest, if he in fact made it at all, was, therefore, for the jury to consider and decide under the evidence. If his appearance, under the circumstances, was such as to justify the careful conclusion on the part of the officer, that the plaintiff had either committed a felony or was about to commit a felony, then he was excused for making the arrest, although it turned out that the suspicion was unfounded.

The plaintiff's testimony was to the effect that he was detained by the sergeant during the night at the instance of the officer in the employment of the defendant. The testimony of the officer was to the contrary; that he made no complaint against the plaintiff; and that of the sergeant was that the officer did not request him to detain the plaintiff, but that he did so for the reason that

he did not consider his explanation was satisfactory, or that he ought to let him go. The court, in view of this evidence, was asked to direct the jury, if they should be of the opinion that Brown arrested the plaintiff, that the defendant was not liable for such damages as were caused by the action of the sergeant, Wohlleben or Justice STILSING, in detaining him, unless they believed that Brown requested that also. The court declined so to charge, and to that the defendant excepted. This point was considered in *Lock* v. *Ashton* (18 L. J., Q. B., 76), and the court there held that the defendant was not liable for damages caused by the detention of the plaintiff by the magistrate himself. And this authority appears to have entitled the defendant to this instruction from the court. From the time when the plaintiff was taken before the sergeant he was subject to his control and direction, and if he, in the discharge of his duty and the exercise of his authority, considered the case to be one requiring the further detention and examination of the plaintiff, it was his act and not that of the defendant. If, on the contrary, the detention was produced by the instigation or urgency of an officer in the employment of the defendant, having authority on its behalf to make the arrest, then the defendant would be liable for the damages sustained by this continued detention of the plaintiff, and the case should have been in that manner submitted to the jury, instead of the subject being withdrawn, as it was, from their consideration by this refusal to charge.

The court also charged the jury that if Brown, the officer in the defendant's employment, arrested the plaintiff, and in making the arrest acted recklessly and with wanton disregard of the rights of the plaintiff, that then the jury might award damages by way of punishment of the defendant, what is called " exemplary damages." The defendant's counsel requested the court to direct the jury that there being no evidence of malice, the plaintiff was not entitled to recover beyond his actual pecuniary loss and was not entitled to recover exemplaray or punitive damges. These requests were refused, and exceptions were taken to the refusal, as well as to the charge given by the court. The evidence failed to establish the fact that there was any ill-will or malice or wanton disregard of the plaintiff's rights in making the arrest. It appeared, on the other hand, to have been made in good faith upon the suspicion, deemed

to be warranted by the circumstances, that he was either a criminal or a person contemplating the commission of a crime.   And, under this evidence, no case was presented for the allowance of exemplary damages.   Upon that subject the exceptions were well taken.

The judgment and order should be reversed, and a new trial directed, with costs to the defendant to abide the event.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment and order reversed and new trial ordered, with costs to the defendant to abide event.