### SHEA *v.* MANHATTAN RY. Co.[1]

*(Common Pleas of New York City and County, General Term.*   February 3, 1890.)

1. TRIAL—INSTRUCTIONS—EVIDENCE TO SUPPORT.
   A refusal to charge "that the jury were at liberty wholly to reject the plaintiff's testimony, so far as it is not corroborated by other evidence," is not prejudicial error, where plaintiff produces corroboration of some kind upon the material points of the case, and the jury are instructed that if they believed plaintiff's testimony they could find for him, but that if they believed defendant's witnesses the result must be different.

2. FALSE IMPRISONMENT—EVIDENCE.
   In an action for false imprisonment, where it appears that the arrest was caused by defendant's employe late in the evening, evidence of the prosecution of plaintiff by such employe in the police court the next morning is properly admitted, as it all constitutes one continuous act of imprisonment.

3. EVIDENCE—RECORDS OF INFERIOR COURTS.
   In the absence of any statutory provision regulating the admissibility of the records of proceedings before police magistrates, the common-law rule as to proof of the judgments of courts not of record must govern.

Appeal from city court, general term.

The action was instituted against the Manhattan Railway Company to recover damages for injuries sustained by plaintiff while a passenger on defendant's railway, growing out of an alleged assault upon plaintiff and his subsequent imprisonment and prosecution by defendant's employe.   At the trial, plaintiff elected, under rulings of the court, to make the action one of false imprisonment.   The evidence showed that on the evening of April 1, 1886, plaintiff and a friend entered a station of defendant's railroad; that an altercation ensued on the platform between them and the station employes, and that defendant's gateman procured the arrest of plaintiff, and made a complaint against him the next morning in the police court, which was dismissed. It was claimed by defendant that plaintiff and his friend had been drinking. The jury returned a verdict of $1,500 in favor of plaintiff; and from the judgment rendered thereon defendant appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER and BISCHOFF, JJ.

*Davies & Rapallo*, (*Edward S. Rapallo* and *Henry D. Sedgwick, Jr.*, of counsel,) for appellant.   *William King Hall*, for respondent.

LARREMORE, C. J.   I concur with the general term of the city court in holding that no error necessitating a reversal was committed by the trial judge in refusing to charge the abstract proposition "that the jury were at liberty wholly to reject the plaintiff's testimony, so far as it is not corroborated by other evidence."   Plaintiff's evidence was corroborated by the testimony of Phillips on the question of how much he had been drinking.   It may be thought that Phillips' corroboration, under the circumstances, amounted actually to very little, as he confessedly had been drinking more than the plaintiff had.   Still, there was corroboration on this point for what it was worth; and it was for the jury to say how much it was worth.   What Phillips said was really corroboration, though defendant argues that it was not, on account of the form in which it was put.   Plaintiff testifies that he drank only a small bottle of claret with his dinner, and that he did not drink beer or other stimulants in the saloon which he entered with Phillips and a third friend, later. Phillips testified that he had been under the impression that plaintiff did take a glass of beer in said saloon; but, after hearing plaintiff's testimony, he

---

[1] Affirming 7 N. Y. Supp. 497.

agreed with plaintiff as to the facts.   This is equivalent to having one's memory refreshed on a point on which one was not very certain, and afterwards testifying positively.   There was, therefore, corroboration, however weak it may have been intrinsically, to plaintiff's statement about his condition as to sobriety; and Phillips also corroborates plaintiff substantially in his narrative of the circumstances leading to the fight and the arrest on the platform.   On the question whether or not the policeman arrested plaintiff at the instigation of defendant's employes, or upon his own responsibility, plaintiff's version of the affair is corroborated by the record from the police court, which shows that the complaint the next morning before the magistrate was made and signed, not by a policeman, but by defendant's platform-man.   Upon the material points of the case, plaintiff produced corroboration of some kind; and the request to charge submitted was therefore, in the form in which it was presented, not material.   I may add that I do not think there are any substantial merits in this exception, because the judge did instruct the jury in his charge that if they believed plaintiff's testimony they could find a verdict for him, but that if they believed defendant's witnesses the result must be different.   This was in effect charging what defendant had embodied in his request.

Defendant also complains of the admission of the record of the proceedings before the magistrate; but on this point the language of DANIELS, J., in *Rown* v. *Railroad Co.*, 34 Hun, 471, bears very aptly: "What was done was a continuous act, beginning with the attempt of the driver to remove the passenger, and terminating only with his discharge, the next morning, by the court before which he was taken. * * * To present the case clearly to the jury, the evidence of what occurred after the plaintiff was taken from the car, and up to and including the time of his discharge, was proper for their consideration.   It simply exhibited the development of the events naturally following and arising out of the unlawful act of the driver in endeavoring to remove plaintiff from the car."

If the altercation on the elevated railroad platform had occurred in the morning, instead of at night, so that plaintiff might have been taken before the police justice, and the gateman's complaint against him made, immediately, the fact that the whole performance constituted but one continuous act would have been more clearly apparent.   But the legal *status* and liability are the same, whether defendant's gateman procures the arrest of plaintiff and enters a complaint against him on the same day, or is obliged to wait to make such complaint till the opening of court on the following morning.   It all constitutes one continuous act of imprisonment, which the jury have pronounced false imprisonment.   The arraignment of plaintiff before the police justice was an inevitable concomitant and sequence of his arrest; and pooof of it did not make the cause of action tried in this case trench of malicious prosecution.   The proceedings before the magistrate were properly admissible under the declaration for false imprisonment, which plaintiff elected to rely on.   If the record of such proceedings was admissible, it had to be received, in its entirety, as the official record of an inferior court.   Appellant objects strenuously to the form of proof of this record.   Still, in the absence of any statutory provision regulating the admissibility of the records of proceedings before police magistrates, I think we are relegated to the common-law rule as to proof of the judgments of courts not of record, which is well stated in 1 Greenl. Ev. § 513: "The judgments of inferior courts are usually proved by producing from the proper custody the book containing the proceedings; and, as the proceedings in these courts are not usually made up in form, the minutes, or examined copies of them, will be admitted, if they are perfect.   If they are not entered in books, they may be proved by the officer of the court, or by any other competent person.   In either case, resort will be had to the best evidence to establish the tenor of the proceedings; and

therefore, where the course is to record them, which will be presumed until the contrary is shown, the record, or a copy properly authenticated, is the only competent evidence." In the case at bar the original record of the proceedings was itself produced, and a copy thereafter used, by stipulation of counsel, in lieu of retaining the original.

In the other exceptions taken by appellant we find nothing calling for remark. The judgment should be affirmed, with costs.