Filed June 24, 1890.

———————◆———————

No 14,108.

THE PENNSYLVANIA COMPANY v. MITCHELL.

RAILROAD.—*Injury to Animals where Company is not Required to Fence.*—*Non-Liability.*—A railroad company is not liable for injuries to animals that enter upon its track at places where to maintain fences would interfere with the discharge of its duty to the public, or with the rights of the public in the use of the highway, or in doing business with the company, nor at any place where fences and connecting cattle-guards would make the running and handling of trains, or the necessary and proper switching of cars, more hazardous to its employees. Where animals enter upon railroad grounds at such places and are killed within limits that can not be and are not required to be fenced, the company is not liable.

SAME.—Railroad companies can not be required to erect and maintain fences along uninclosed and unimproved lands, nor in the platted portions of cities, towns and villages, but they are, nevertheless, liable for injury to animals that enter upon their tracks at such places, in case the track was not, but might have been, securely fenced without interfering with the discharge of its duty to the public, or without increasing the danger to its employees in the discharge of their duties.

SAME.—*Maintenance of Cattle-Guards.*—*Opinion Evidence.*—*Inadmissibility of.*—It was not error to exclude the evidence of a witness whose opinion was asked as to whether or not a cattle-guard could have been maintained at a particular place without increasing the danger to the defendant's trainmen. That was a conclusion for the jury to draw from all the evidence in the case.

From the Morgan Circuit Court.

*S. O. Pickens,* for appellant.

*J. V. Mitchell* and *J. F. Cox,* for appellee.

MITCHELL, J.—The appellant railroad company was sued

by the appellee for the value of two mules alleged to have been killed on the company's railroad track by its locomotive and cars.

The case was tried upon a complaint which charged that the track was not securely fenced at the point where the animals entered.

The chief question debated here is whether the railroad company was required to fence its track at the place where the animals entered upon its right of way.

It is abundantly settled that a railroad company is not liable for injuries to animals that enter upon its track at places where to maintain fences would interfere with the discharge of its duty to the public, or with the rights of the public in the use of the highway, or in doing business with the company, nor at any place where fences and connecting cattle-guards would make the running and handling of trains, or the necessary and proper switching of cars, more hazardous to its employees. When animals enter upon railroad grounds at such places and are killed within limits that can not and are not required to be fenced, the company is not liable. *Cincinnati, etc., R. R. Co.* v. *Jones*, 111 Ind. 259, and cases cited. Railroad companies can not be required to erect and maintain fences along uninclosed and unimproved lands, nor in the platted portions of cities, towns and villages, but they are, nevertheless, liable for injury to animals that enter upon their tracks at such places, in case the track was not, but might have been, securely fenced without interfering with the discharge of its duty to the public, or without increasing the danger to its employees in the discharge of their duties. These are conceded propositions about which there is no dispute. It is conceded that the tracks were not fenced at the place where the animals entered, nor where they were killed. The contention is as to the liability of the company notwithstanding the absence of the fence, the insistence on the one hand being, that a fence and connecting cattle-pits could not have been maintained without subjecting the train-

men of the company to additional perils; while it is contended on the other hand that the evidence fairly sustains the opposite conclusion.

We concede that the utmost liberality should be extended to railroad companies where fences and cattle-guards are dispensed with out of considerations of safety for trainmen or employees, or for the safety, convenience or welfare of the public. The judgment and discretion of officers and agents should not be coerced so as to put human life or limb in jeopardy in order to avoid pecuniary liability for animals killed. Notwithstanding this, after an attentive consideration of the evidence and arguments in the present case, we find ourselves unable to disturb the verdict of the jury. While a different conclusion might well have been arrived at, it can not be said that the verdict of the jury is without any support in the evidence. Admitting the truth of all that is testified to by the appellant's witnesses, the jury may have found from evidence in the record that a fence and suitable cattle-guards might have been maintained without peril to the appellant's employees at a point where they would have had no occasion to cross it in switching cars or making up trains. There was no error in excluding the evidence of the witness whose opinion was asked as to whether or not a cattle-guard could have been maintained at a particular place without increasing the danger to the appellant's trainmen. *Indiana, etc., R. W. Co.* v. *Hale*, 93 Ind. 79; *Chicago, etc., R. W. Co.* v. *Modesitt, ante*, p. 212. That was a conclusion for the jury to draw from all the evidence in the case. Without first giving the facts upon which to base an opinion, it was not competent for a witness, even though he had long experience in railroading, to state whether or not a fence and cattle-guards could or could not be maintained at a given place with safety to the employees of the railroad.

The judgment is affirmed, with costs.

Filed June 25, 1890.