The complaint that the court erred in overruling the motion for a new trial is not discussed by counsel for appellants in their brief, and is therefore waived. *Engleman* v. *Arnold*, 118 Ind. 81.

Judgment affirmed, with costs.

Filed April 14, 1891; petition for a rehearing overruled June 23, 1891.

———◆———

No. 160.

THE PENNSYLVANIA COMPANY v. LINDLEY.

RAILROAD.—*Injury to Animals.—Liability of Company.*—If an animal is killed or injured by a railroad train, the animal having entered upon the track at a point where the company was not bound to maintain a a fence, such company is not liable for the damages thereby occasioned unless the killing was wilful.

SAME.—*Maintenance of Fence.—When Question for Jury.*—Where the evidence as to the situation and surroundings is conflicting, and is such that under some phase of it the jury might properly conclude that the

place was such as required the company to fence, the question must be left to the jury under proper instructions.

SAME.—*Fence.*—*Burden of Proof.*—In an action for injury to animals on the track of a railroad, the burden is on the railroad company to show that the road could not have been fenced where the animals entered without endangering the safety of its employees.

SAME.—A railroad company is not bound to fence where it would interfere with the discharge of its duty to the public, nor where fences and connecting cattle-guards would make the running and handling of trains or the necessary and proper switching of cars more hazardous to its employees.

SAME.—*Maintenance of Cattle-Guards.*—*Expert Witness.*—*Inadmissibility of Testimony.*—In an action against a railroad company for killing stock, it is not error to exclude the opinion of an expert witness that the placing of a cattle-guard within a given distance from the end of a switch would endanger the safety of the train men.

From the Morgan Circuit Court.

*S. O. Pickens,* for appellant.

*A. M. Cunning, G. A. Adams* and *J. S. Newby,* for appellee.

REINHARD, J.—Action to recover for the injury of a mare and the killing of a cow, the property of the appellee, by appellant's locomotive and cars, at places where, it is alleged, the company was legally bound to maintain fences.

The cause was tried by a jury, and a verdict and judgment rendered for the appellee for $75.

The appellant insists that the undisputed evidence shows that the places where the animals entered upon the railroad track were located so as to exempt it from the statutory duty of fencing.

It is well settled that if an animal is killed or injured by a railroad train, the animal having entered upon the track at a point where the company was not bound to maintain a fence, such company is not liable for the damages thereby occasioned, unless the killing or injury was wilful. *Pennsylvania Co.* v. *Mitchell,* 124 Ind. 473.

Where the evidence establishes the situation and surroundings of the place where the animal entered, it then becomes

a question of law for the court to determine whether or not, under the circumstances, the company is bound to fence.

But where the evidence as to the situation and surroundings is conflicting, and is such that under some phase of it the jury might properly conclude that the place was such as required the company to fence, the question must be left to the jury under proper instructions.

The mare entered upon the appellant's track at some distance north of a switch on said track in the town of Brooklyn, the evidence not being definite or positive as to the distance. We find nothing in the evidence that would preclude the jury from finding that a suitable fence and cattle-guards could have been maintained at this point. The burden of showing that the road can not be fenced here without injury is upon the appellant. *Chicago, etc., R. R. Co.* v. *Modesitt,* 124 Ind. 212.

We can not disturb the judgment so far as it relates to the injury to the mare.

As to the killing of the cow we have arrived at a different conclusion.

The evidence shows that the cow went upon the track at the intersection of East street and the railroad track in said town of Brooklyn. East street at this point runs east and west and the track north and south. Main street is east of the railroad, and runs parallel with it. After East street crosses Main street it extends west as far as the track, where it terminates. On the west side of the track is a farm closed in by fences.

The point where the cow entered upon the track is 150 to 160 feet below the south end of a switch and siding of the road. At the approach of the train the cow went north till she reached the point where the switch was when she was struck. That part of East street terminating at the railroad track and lying west of Main street is not used by the public for travelling, and is not in a condition for wagons or other

vehicles to pass over. There is a fence on the west side of the track closing in the Landers farm.

The appellant contends that at a point thus situated and surrounded it is not compelled to keep up a fence, and we are inclined to agree with counsel in this.

If a fence were to be maintained on the east side of the track, suitable cattle-guards would necessarily have to be constructed to prevent animals from entering the enclosed portion of the track, and thus keep them off the switches and sidings as well as the main track. Such cattle-guards, however, within so short a distance from the switch itself, where the company, as the court must know, is bound to operate and handle its trains, would necessarily endanger the safety of the company's employees operating these, as they would be required, in the discharge of their duty, to pass over the track and cattle-guards between the fences.

A railroad company is not bound to fence where it would interfere with the discharge of its duty to the public, nor where fences and connecting cattle-guards would make the running and handling of trains or the necessary and proper switching of cars more hazardous to its employees. *Pennsylvania Co.* v. *Mitchell, supra; Fort Wayne, etc., R. R. Co.* v. *Herbold,* 99 Ind. 91.

We think the appellant proved conclusively that it was not bound to fence where the cow entered upon the track.

It is insisted that the court erred in excluding the testimony of Charles Mahoney, by whom the appellant proposed to prove, after having shown his qualifications as an expert, "that the placing of a cattle-guard at any point in appellant's railroad track within 300 feet of the south end of the switch at Brooklyn, would endanger the train men in the management of trains on appellant's road at that point."

There was no error in this ruling. This point has been repeatedly decided adversely to appellant's contention. *Pennsylvania Co.* v. *Mitchell, supra,* and authorities cited.

This disposes of all the questions raised in the record.

The value of the cow was placed in the complaint at $25. The mare was injured, as the evidence shows, to the extent of $50. The judgment, as we have seen, was for $75. There was an erroneous finding of $25 in plaintiff's favor, for the cow killed.

If the appellee will, within sixty days, remit $25 of his judgment and pay the costs of this appeal, the judgment will be affirmed, otherwise it is reversed, at appellee's costs, and the court below instructed to grant appellant a new trial.

