JAMES D. BUZZELL *vs.* SAMUEL M. EMERTON.

Middlesex.   January 12, 1894. — March 28, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*False Arrest — Waiver — Estoppel — Defective Writ — Damages — Exceptions.*

A person who was arrested upon a defective writ was taken by the officer, at his own request, to the office of a lawyer with whom he consulted, and then to the residence of one magistrate for the purpose of giving bail, and to the residence of another magistrate, where he gave bail, and he also paid for drafting the bail bond and for half of the carriage hire.   When the writ was entered he appeared, filed an answer making no objection to the service, placed the case upon the trial list, and consented to dispose of it by an entry of "Neither party." *Held,* in an action against the officer for false arrest, that the above facts would not justify a finding that the plaintiff waived the illegal arrest, or had estopped himself from maintaining an action for damages.

An arrest upon a writ which contains no *capias* clause is illegal; and the officer in making the arrest is a trespasser, and is liable in damages to the arrested person.

In an action against an officer for false arrest, it appeared that the plaintiff, by agreement with the officer, was taken on the evening of his arrest to the residence of a magistrate, where he gave bail and was discharged.   A bill of exceptions alleged at the trial did not show that the defendant asked for instructions as to the measure of the damages which the plaintiff might recover; nor that any instruction upon that subject was given, except the general one that the plaintiff was "entitled to recover damages which he sustained in consequence of what the defendant wrongfully did." *Held,* that there was no error in this instruction; and that it was not open for the defendant to complain that no specific instruction was given upon the question whether the plaintiff could recover damages for what occurred between the time when he agreed to give bail and his actual discharge.

TORT, for false arrest.   The defendant justified in his answer as a constable in the service of due process of law.   Trial in the Superior Court, before *Bond,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiff introduced evidence tending to show that the defendant came to the plaintiff's house in Everett at about 9.30 o'clock in the evening of June 30, 1891, and arrested the plaintiff, alleging that he did so under a writ in favor of Frank M. Adams against the plaintiff, dated June 30, 1891, returnable to the First District Court of Eastern Middlesex; that the plaintiff asked the defendant what he was arresting him for, to which the

defendant replied that it was because the plaintiff was going to leave the State; that the plaintiff told the defendant that he had said that when he got his affairs settled up he was going to move, but was not going to leave the State, and asked the defendant to wait until morning before arresting him, which the defendant declined to do; and that thereupon the defendant took the plaintiff, at the latter's request, to the office of D. P. Bailey, a lawyer residing and having an office in Everett, that the plaintiff might consult with him as to what he should do.

The defendant testified that Mr. Bailey took the writ and declaration upon which the arrest was made into his hands and looked them over; and, on cross-examination, testified that he, the defendant, did not read the papers to Mr. Bailey, and did not know how much Mr. Bailey read them, and did not know whether his attention was called to the form of them or not; that the plaintiff had a private consultation with Mr. Bailey, who finally advised the plaintiff that he had better give a bond to release himself from arrest; that the defendant had ·a talk with Mr. Bailey, in which he asked Mr. Bailey if it would be right and proper for the plaintiff to give a bond; and that Mr. Bailey said that he did not see anything against it.

The plaintiff testified that the defendant did not show to Mr. Bailey the writ on which the arrest was made. The writ, which was introduced in evidence, did not contain a *capias* clause. Annexed to the writ were the affidavit of the attorney for Adams that he believed that the present plaintiff intended to leave the State, and the certificate of a magistrate authorizing his arrest after sunset.

The evidence also showed that the defendant took the plaintiff, with one Greenwood, who had consented to become the plaintiff's surety, and drove with them to the residence of the justice of the district court in Malden, for the purpose of having a bail bond approved; that when they arrived at his residence they found that he was not at home; that the plaintiff then asked the defendant what he could do, to which the defendant replied that they could go before the associate justice of the district court in Medford, but that the plaintiff would have to pay one half the expense, and that the plaintiff then said to the defendant that he would rather do anything than to be locked

up ; that thereupon the defendant drove with the plaintiff and Greenwood to the residence of the associate justice in Medford, where a bail bond was drawn up, executed, and approved ; that, at the defendant's request, the plaintiff paid for drawing the bond and for one half of the carriage hire, procuring the money from Greenwood for that purpose ; and that they then drove back to Everett, and the plaintiff reached his home about two o'clock in the morning.

The plaintiff testified, upon cross-examination, that he was first informed of any defect existing in the writ upon which he was arrested by another attorney, Mr. Clark, a few days after the arrest was made ; and that thereafter he left the case wholly to Mr. Clark.

There was evidence tending to show that Mr. Clark entered a general appearance for the defendant in the case in which the plaintiff was arrested, filed an answer, and made no objection in that court to the service of the writ, and placed the case upon the trial list ; and that he, and also the attorney for the plaintiff in that case, were both in court when the case was called for trial, and made no objection to an entry of " Neither party," which was then made in the case by order of the court.

The defendant requested the judge to give the following rulings :

" 1. There is evidence in the case on which the jury may find that the plaintiff waived any defect in the process on which he was arrested.

" 2. If the jury believe that the plaintiff's attorney knew of any defect in the writ before the return thereof, and thereafter entered a general appearance for the defendant, filed an answer, and consented to the entry of ' Neither party,' without calling to the attention of the court said defect, or making any objection to the same or the service thereof, intending to get said case so disposed of as to make it impossible for the plaintiff in that case to amend the same, it would be evidence on which they might find a waiver by the plaintiff of the defect in said writ or the service thereof, and that he is estopped against maintaining this suit.

" 3. It was open to the plaintiff, in the suit against him in the lower court, after entry and before the final disposition of

the same, by permission of the court, to amend the writ and insert therein a *capias* clause, and such amendment would have made said writ a justification to the defendant in this action for his proceedings thereunder."

The judge declined to give the rulings requested, and ruled that the process under which the defendant acted at that time was defective, and did not justify him in making an arrest of the plaintiff ; that it was not a justification for him in this action for making that arrest; and that he was a trespasser with reference to what he did, and the plaintiff was entitled to recover damages which he sustained in consequence of what the defendant wrongfully did.

The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions.

*W. R. Bigelow,* (*G. A. Saltmarsh* with him,) for the defendant.

*C. W. Clark,* for the plaintiff, was not called upon.

BARKER, J.   1.  The evidence tended to show that the plaintiff upon his arrest was, at his own request, taken to the office of a lawyer with whom he consulted, and then to the residence of one magistrate for the purpose of giving bail, and to the residence of another, where he did give bail, and that he paid for drafting the bail bond and for half of the carriage hire ; and also that when the writ on which he had been arrested was entered he appeared, filed an answer making no objection to the service, placed the case upon the trial list, and consented to dispose of it by an entry of " Neither party," with the intention, as the defendant contends, of making an amendment of the writ impossible.

None of these things would justify a finding that the plaintiff waived the illegal arrest, or had estopped himself from maintaining his action for damages.   They tended in no way to mislead or prejudice the defendant.   The giving of the bail bond was not a waiver of the illegal arrest.   *Carleton* v. *Akron Sewer Pipe Co.* 129 Mass. 40, 43.   *Lane* v. *Holman,* 145 Mass. 221. The visits to the office of the lawyer and to the houses of the magistrates were after the arrest, and were incidents of the attempt to procure bail.   They were not consented to by the defendant upon any suggestion or understanding that he should release the plaintiff, and the plaintiff was not released, but gave

bail. The court to which the writ was returnable could not by a subsequent amendment give validity to the arrest; *Learnard* v. *Bailey*, 111 Mass. 160; nor could the plaintiff's acts in entering a general appearance curtail the power of the court to allow an amendment. The instructions requested by the defendant were therefore properly refused.

2. As the writ contained no *capias*, the arrest was illegal, and the court properly so instructed the jury. The defendant was a trespasser in making the arrest, and the plaintiff was entitled to recover damages. See *Learnard* v. *Bailey, ubi supra.*

3. The bill of exceptions does not show that the defendant asked for instructions as to the elements or measure of the damages which the plaintiff might recover; nor that any instruction upon that subject was given, except the general one that the plaintiff was " entitled to recover damages which he sustained in consequence of what the defendant wrongfully did." There was no error in law in this instruction. If, as the defendant now contends, the plaintiff could not recover damages for what occurred between the time when he agreed to procure bail and his actual discharge, it is not open for the defendant to complain that no specific instruction upon the point was given.

*Exceptions overruled.*