Island Coal Company *v.* Neal.

We think the court committed no error in sustaining the demurrer to the reply.

Judgment affirmed.

Filed April 2, 1896.

No. 1,825.

## ISLAND COAL COMPANY *v.* NEAL.

EVIDENCE.—*Mines and Mining.*—In an action for injuries from the falling of the roof of a mine, evidence that at the point where the accident happened the roof could have been propped and capped so as to protect the miners, is admissible.

SAME.—*Mines and Mining.*—In an action for injuries to a miner from the falling of the roof of a mine, evidence of the condition of the roof for a year before the accident is admissible to show notice of the defect on the part of the defendant.

HARMLESS ERROR.— *Instructions.— Appellate Procedure.*— A judgment will not be reversed for errors in instructions when the jury could not have been misled thereby.

BILL OF EXCEPTIONS.—*Evidence.—Presumption.—Appellate Procedure.*—If the bill of exceptions sets forth certain evidence, it cannot be presumed, for the purpose of overthrowing the judgment, that there was no other evidence upon the subject ; but that must be made to appear by appropriate statements in the bill of exceptions.

PRACTICE. — *Incomplete Instruction.* — The proper remedy for an alleged omission in giving an instruction correct so far as it goes, is not by exception, but by a request for an instruction supplying the omission.

From the Greene Circuit Court.

*Chambers, Pickens & Moores,* for appellant.

*Briggs & Lindley,* for appellee.

GAVIN, C. J.—The appellee, by his next friend, sued appellant to recover damages resulting from injuries received by him through its negligent failure to pro-

vide for him a safe place to work while laboring in its coal mine.

Appellant seeks to bring the case before us by means of a "common law" bill of exceptions.

Appellee insists that no question is really presented, but we do not stop to pass upon this proposition.

All the questions argued arise upon the motion for a new trial, which is properly in the record.

While instruction No. 20 cannot be regarded as a model of technical accuracy, we are of opinion that when the complaint and other instructions are considered no jury could have reasonably understood therefrom anything other than that the injuries, loss of time, etc., to be considered were those arising from the accident in controversy.

"Errors in instructions, which the record shows were not likely to mislead the jury, are regarded as harmless." Elliott App. Proceed., section 642.

In *Poland* v. *Miller*, 95 Ind. 387, complaint was made because the court instructed the jury that "if they believed the facts averred" they should find for the appellee. It was insisted that this was wrong because the belief must be founded on the evidence, and the court did not so limit it. The court, however, said: "This was understood, and it was unnecessary to express it." The instruction in *Linton Coal Co.* v. *Persons*, 11 Ind. App. 264, was almost identical with this so far as relates to this matter under consideration, and it was regarded by the court as sufficient upon this point, although held bad on another ground.

Moreover, in the absence of the evidence which is not in the record in full, we cannot know that there was evidence showing any of the various elements of damage mentioned as resulting from any causes other than those set forth in the complaint.

Island Coal Company *v.* Neal.

For this reason, also, we could not say that the instruction was hurtful.

There is nothing in the instruction, when fairly construed, which would authorize exemplary damages to be given. It simply stated that certain elements; loss of time, permanent injury, suffering, etc., were to be considered, these being the very elements from which compensatory damages are estimated.

Evidence of the condition of the roof of the mine for a year before the accident was clearly admissible, when taken in connection with evidence that the same condition continued until the accident, as it certainly tended to charge appellant with knowledge of the defect, because if it had thus long existed it might by the exercise of reasonable care have been discovered. *Linton Coal Co.* v. *Persons, supra.*

There was no error in permitting proof that at the point where the accident happened the roof which fell in could have been propped and capped so as to protect the miners from falling slate. Counsel rely upon the cases of *Pennsylvania Co.* v. *Mitchell,* 124 Ind. 473; *Pennsylvania Co.* v. *Lindley,* 2 Ind. App. 111, which hold that it is improper to ask an expert if a railroad could be fenced at a certain point without endangering the safety of the railroad employes. There is an apparent analogy between these two questions by reason of the safety of employes entering into both, but we do not regard them as similar. The analogy does not extend farther than the surface. In the railroad cases mentioned the principle upon which the decision is founded, is that "witnesses are not permitted to express an opinion upon the point which it is the duty of the jury to determine. *Chicago, etc., R. W. Co.* v. *Modesitt,* 124 Ind. 212.

The question here propounded did not call upon the

witness to determine the issue which it was for the jury to try, but simply one elementary fact which entered into that determination. If the roof could be propped and capped so as to prevent the falling of slate and thus protect the miner, it then devolved upon the jury to determine whether or not appellant had negligently failed to do so. It was further for the jury to decide as to whether or not the loose slate might, by the exercise of reasonable care, have been removed from the roof, thus making it safe.

*Bonebrake* v. *Board, etc.*, 141 Ind. 62, comes nearer to the case in hand than those cited by appellant.

In all cases brought to us, whether under section 642, R. S. 1894, or otherwise, the presumptions are in favor of the rulings of the trial court. It is therefore incumbent upon the appellant to bring to us such a record as overcomes this presumption and clearly shows affirmatively that the rulings were harmful to him. When the bill sets forth certain evidence, it cannot be presumed, for the purpose of overthrowing the judgment, that there was no other evidence upon the subject. That must be made to appear by appropriate statements in the bill of exceptions. *Keller* v. *Reynolds*, 12 Ind. App. 383.

Taking the record of this case altogether, we find no just cause for reversal.

Judgment affirmed.

Filed January 30, 1896.

## ON PETITION FOR REHEARING.

GAVIN, C. J.—Appellant renews one of its objections to instruction No. 20. This instruction simply states to the jury that in assessing damages it may consider certain things named, "not exceeding the amount claimed in the complaint." The objection urged is not that it authorizes exemplary damages,

but that the instruction fails to expressly limit the damages to compensation.

That the elements mentioned are proper for the consideration of the jury, and that the instruction contains no misstatement of the law,—are not now controverted. The error claimed is not in what is said, but in what is not said. As declared by the Supreme Court in *Taggart* v. *McKinsey*, 85 Ind. 392, "Counsel do not complain of what the instruction states, but of what it omits to state. The proper remedy for such an omission is, not an exception to the instruction given, but a request to the court to give an instruction supplying or covering the omission." *Hatton, Exr.*, v. *Jones*, 78 Ind. 466; *Colee* v. *State*, 75 Ind. 511; *Blacketer* v. *House*, 67 Ind. 414; *DuSouchet* v. *Dutcher*, 113 Ind. 249; *Cincinnati, etc., R. W. Co.* v. *Smock*, 133 Ind. 411; *Hindman* v. *Timme*, 8 Ind. App. 416; *Buzzell* v. *Emerton*, 161 Mass. 176.

The authorities cited by appellant's counsel, if not distinguishable from the case in hand, are certainly not applicable under our practice.

Petition overruled.

Filed April 2, 1896.