KNICKERBOCKER STEAMBOAT CO. v. CUSACK.

(Circuit Court of Appeals, Second Circuit. January 30, 1905.)

No. 100.

1. FALSE IMPRISONMENT (§ 7*)—CIVIL LIABILITY—DEFENSES.

In an action solely for false imprisonment, the termination of the criminal proceedings is immaterial, and it is not a defense that the plaintiff pleaded guilty to the charge made against him.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 5–61, 79; Dec. Dig. § 7.*]

2. ARREST (§ 63*) — ON CRIMINAL CHARGE — AUTHORITY TO ARREST WITHOUT WARRANT.

Under Code Civ. Proc. N. Y. § 177, which allows an arrest by an officer without a warrant only for a crime committed or attempted in his pres-

---

ence. or when the person arrested has committed a felony, although not in his presence, or when a felony has in fact been committed and he has reasonable cause for believing the person arrested to have committed it, the arrest without a warrant of a person charged only with a misdemeanor not committed in the officer's presence is illegal.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 144–156; Dec. Dig. § 63.*]

3. FALSE IMPRISONMENT (§ 8*)—CIVIL LIABILITY—MEASURE OF DAMAGES.

Under the general rule of damages in cases of false imprisonment that the person causing a wrongful imprisonment is liable for all the natural and probable consequences thereof, where the mate of defendant's vessel pointed out the plaintiff, who was a passenger, to an officer, and demanded his arrest, and after the officer had illegally arrested him without a warrant and taken him before a magistrate the mate filed a complaint against him falsely charging him with a criminal offense, plaintiff's imprisonment on such charge may properly be regarded as a continuation of the original wrong, for which defendant was liable in damages.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 68–73; Dec. Dig. § 8.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

The defendant in the court below brings this writ of error to review a judgment for the plaintiff entered upon the verdict of a jury in the United States Circuit Court for the Southern District of New York.

Benjamin Trapnell, for plaintiff in error.

Henry H. Bowman, for defendant in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. The plaintiff was a passenger on board the excursion steamer General Slocum, belonging to the defendant, on an excursion trip from Paterson, N. J., to Rockaway Beach and return. There was some fighting on the boat, in the course of which plaintiff was assaulted. The mate of the Slocum separated the parties, put the plaintiff's assailant and some other persons in the hold, and, when the steamboat arrived at Rockaway Beach, pointed plaintiff out and directed a police officer to arrest him. The officer took plaintiff to the magistrate's court at Far Rockaway, where the mate made a complaint against him. The plaintiff at first pleaded not guilty, but afterwards changed his plea to guilty, and was fined $5. He did not have the money to pay the fine, and he was chained with some criminals and put into a van and driven to Long Island City, where he was put in jail and kept in confinement until the next morning, when he was discharged. He sued for this false imprisonment, and obtained a verdict for $800 damages.

The claim of counsel for defendant that the plea of guilty in the magistrate's court was a bar to this action is not well founded. The authorities are practically unanimous to the effect that, in an action solely for false imprisonment, the termination of the criminal proceedings is immaterial. Newell on Malicious Prosecution, 307; Burns v. Erben, 40 N. Y. 463; Hopner v. McGowan, 116 N. Y. 405–410,

22 N. E. 558; Barry v. Railroad Co., 51 App. Div. 385, 64 N. Y. Supp. 615. The New York Code of Civil Procedure allows the arrest by an officer without a warrant only for a crime committed or attempted to be committed in his presence, or when the person arrested has committed a felony, although not in his presence, or when a felony has, in fact, been committed, and he has reasonable cause for believing the person arrested to have committed it. Code Civ. Proc. § 177. Here the plaintiff was guilty only of a misdemeanor, and the arrest was illegal. Thorn v. Turck, 94 N. Y. 90, 46 Am. Rep. 126; Barry v. Railroad Co., supra; People v. Pratt, 22 Hun, 300; Loomis v. Render, 41 Hun, 268. The exception to the refusal of the court to charge the twenty-ninth request to charge raises the question of the measure of damages. This request was as follows:

"(29) That, if the arrest was unlawful, it was only so from the time the plaintiff was arrested until he reached the magistrate's court, which was by the undisputed evidence of the police officer less than one hour, and that damages can only be given against the defendant for the arrest on the boat and the holding of him until he came into the magistrate's jurisdiction."

In respect to this proposition the court charged the jury, inter alia, as follows:

"If you should come to the conclusion that the mate was not warranted in pointing the plaintiff out to the officer for the purpose of having him arrested, then naturally there follows from that the question what he should receive for this indignity, and it would be an indignity if you find the former conclusions to prevail, what damages you shall give him for such acts, and it seems to me very clear that the proceedings which followed from the time Officer Thompson laid his hand on him until he was back at his home flow naturally from the action of the mate in pointing him out to Officer Thompson."

The general rule of damages in cases of false imprisonment is that the person causing a wrongful imprisonment is liable for all the natural and probable consequences thereof. 12 Am. & Eng. Encyc. of Law (2d Ed.) 778, and cases cited. The plaintiff is entitled to recover damages for what the party wrongfully did. Buzzell v. Emerton, 161 Mass. 176, 36 N. E. 796. The independent illegal acts of the officers of the law are not the natural and probable consequences of such false arrest.

Thus, in Gulf, C. & S. F. Ry. Co. v. Johnson, 54 Fed. 474, 4 C. C. A. 447, where plaintiff sued the railway company for forcible removal from a train by a constable acting on complaint of defendant, the court held the company not liable for the acts of the officer after plaintiff's removal in putting plaintiff in irons, formally arresting him on warrant, and detaining him until released on bail. And in Frankfurter v. Bryan, 12 Ill. App. 549, it is held that, where the arrest is caused on one charge and a fine was imposed on another charge, the complainant was not liable for the false arrest. In McCall v. McDowell, Fed. Cas. No. 8,673, defendant was held liable for imprisonment and indignities suffered by plaintiff solely on the ground that they were the probable consequences of such confinement in a military prison, if not provided against by him.

But, as to the question whether the action of the magistrate or other officer of the law after the surrender of the person imprisoned is the

natural and probable consequence of the original unlawful act, the authorities are in conflict. In Shea v. Manhattan Railway Co. (Com. Pl.) 8 N. Y. Supp. 332, where defendant's employé caused the arrest of the plaintiff by a police officer and accompanied the officer to the police station and signed a complaint before the magistrate, and the plaintiff was discharged, the court held that all the proceedings taken together constituted one continuous act of imprisonment, and that the arraignment of the plaintiff before the police justice was an inevitable concomitant and sequence of his arrest. The court there cited with approval the following language of the court in Rown v. Christopher & Tenth Street Railroad Co., 34 Hun, 471:

"What was done was a continuous act, beginning with the attempt of the driver to remove the passenger and terminating only with his discharge the next morning by the court before which he was taken. * * * To present the case clearly to the jury, the evidence of what occurred after the plaintiff was taken from the car and up to and including the time of his discharge was proper for their consideration. It simply exhibited the development of the events naturally following and arising out of the unlawful act of the driver in endeavoring to remove plaintiff from the car."

In the latter case the action appears to have been for damages for unlawul removal from a car, for assault, and for unlawful imprisonment for resisting the effort at removal. The court held that the defendant was liable for all the consequences of all of said acts.

In Murphy v. Countiss, 1 Harr. (Del.) 143, in an action for trespass, assault, and battery and false imprisonment, the court held that the plaintiff could recover, not merely for the time the constable was bringing him to jail, but for the whole period of his imprisonment. And in Mandeville v. Guernsey, 51 Barb. (N. Y.) 99, the court says:

"The arrest being wrongful, the defendant is liable for all the injurious consequences to the plaintiff which resulted directly from the wrongful act. * * * * A person who has arrested a party without process, or on void process, wrongfully, cannot detain him on valid process, until he has restored such party to the condition he was in at time of his arrest, at least to his liberty. The law will not permit him to perpetrate a wrong for the purpose of executing process, nor to use process for the purpose of continuing an imprisonment, commenced without authority, and by his wrongful act."

See, also, In re Allen, 13 Blatch. 271, Fed. Cas. No. 208, and cases cited; Powell v. Hodgetts, 2 Carrington & Payne, 432.

On the other hand, in Locke v. Ashton, 18 L. J. Q. B. 76, the plaintiff was a carman in defendant's employ, and had been sent to bring 20 sacks of oats from the premises of certain grain merchants to those of the defendant. Plaintiff brought back with him only 19 sacks, whereupon the defendant gave him into custody on the charge of stealing the missing sack. The magistrate, before whom the complaint was preferred, remanded the plaintiff, but subsequently discharged him, upon its appearing that the missing sack was left with the city toll collector as security for tolls. The judge instructed the jury that the plaintiff was entitled to damages for the whole time that he was kept in custody. The case was heard on appeal before Chief Justice Denman and Judges Coleridge, Wightman and Earl. It was there argued that defendant was liable for all the consequences of his wrongful act within

the doctrine of Scott v. Shepard, 2 W. B. 892. The court held as follows:

"The remand, in respect of which the jury gave damages, was the act of the magistrate, not the act of the defendant; and therefore ought not to have been taken into consideration by the jury in assessing the damages."

In Langford v. Boston & Albany Railroad Company, 144 Mass. 431, 11 N. E. 697, where the agent of the defendant made a complaint to a trial justice against the plaintiff for unlawfully refusing to pay his fare, and the magistrate issued his return in due form for plaintiff's arrest, it was held that defendant was not liable in trespass for the acts done by the officer in serving the return, even though the magistrate had no jurisdiction to issue the return. Barker v. Stetson, 7 Gray (Mass.) 53, 66 Am. Dec. 457, is to the same effect.

In Teal v. Fissell (C. C.) 28 Fed. 351, the court in holding that the party making the complaint was not liable for the act of the justice said as follows:

"To hold the prosecutor responsible in such a case who simply discharges a public duty in making information of a supposed offense would not only be grossly unjust to him, but would also be highly injurious to the public interests. * * * He has nothing to do with issuing the writ; no authority or influence respecting it. It is the justice's duty to pass upon the facts, and determine whether a warrant shall issue. His functions are judicial. * * * Here the prosecutors honestly believed an offense had been committed, and that the information laid before him (the justice) was truthful. They were, therefore, in no respect responsible for what followed."

In Barker v. Stetson, supra, the court says:

"The authorities are conclusive that, when a person does no more than to prefer a complaint to a magistrate, he is not liable in trespass for the acts done under the warrant which the magistrate thereupon issues, even though the magistrate has no jurisdiction."

In Brown v. Chapman, 60 Eng. Common Law, 364, the plaintiff sued in trespass for assault and false imprisonment. There the defendant preferred a charge of embezzlement to the magistrate, and the plaintiff was taken into custody. The court held that the acts of the defendant in making the charge, and even in stating in the presence of the magistrate that he, the defendant, gave the plaintiff into custody, amounted to nothing more than calling upon the magistrate to exercise his jurisdiction. The court there in affirming the nonsuit ordered in the court below discussed the cases bearing on this question, and concluded that a person making a complaint or applying to a magistrate for a return for the arrest of the accused only appeals to the magistrate to exercise his jurisdiction, and that the complainant is exempt from liability in trespass.

In Newman v. New York, Lake Erie & Western Railroad Co., 54 Hun, 335, 7 N. Y. Supp. 560, the plaintiff was arrested by the servant of the defendant as a suspicious person, and was afterwards discharged on the ground that the arrest was made without legal authority. There was a conflict in the testimony as to whether the plaintiff's detention in the police station was or was not at the instance of defendant's officer. The court was therefore asked to direct the jury that, if they should be of the opinion that defendant's officer arrested

the plaintiff, it was not liable for what subsequently occurred by reason of the action of the police officer or of the justice in detaining the plaintiff, unless they believed it was at the request of defendant's officer. The court declined to make this charge, and held that the defendant was entitled to the instruction requested. In its opinion the court said as follows:

"From the time when the plaintiff was taken before the sergeant he was subject to his control and direction, and if he, in the discharge of his duty and the exercise of his authority, considered the case to be one requiring the further detention and examination of the plaintiff, it was his act and not that of the defendant. If, on the contrary, the detention was produced by the instigation or urgency of an officer in the employment of defendant, having authority on its behalf to make the arrest, then the defendant would be liable for the damage sustained by this continued detention of the plaintiff, and the case should have been in that manner submitted to the jury, instead of the subject being withdrawn, as it was, from their consideration by this refusal to charge."

This court is not agreed as to the general rule of liability for damages applicable in such cases where the evidence fails to show any action on the part of a defendant other than such as is necessary to place the person arrested under the control of the magistrate. In the case at bar, however, it appears that the mate pointed the plaintiff out and told the officer to arrest him, saying, "Catch that fellow, take him"; that he charged him with being one of the men who had caused the disturbance; that he made the complaint before the magistrate on which plaintiff was committed, and in said complaint charged plaintiff with using threatening, abusive, and insulting behavior with intent to provoke breach of the peace. The evidence shows that these accusations were not justified by the facts, and that plaintiff merely defended himself against an unprovoked assault. The mate admitted that the first thing he saw was that somebody struck plaintiff in the face, and that he told plaintiff that he, plaintiff, had been abused, and that a great wrong had been done him.

In these circumstances we think the conduct of the mate after the arrest may be justly regarded as a continuation of the original wrong for which defendant was liable, and that the subsequent proceedings were the direct result of the unjustified and pernicious activity and urgency of the mate, and only indirectly and remotely attributable to the action of the committing magistrate. We think, furthermore, that in either view of the case the plaintiff was entitled to a verdict, and we are not prepared to say that the damages imposed would have been excessive if they had been assessed for the indignity and suffering endured prior to the proceedings before the magistrate.

The judgment is affirmed, with costs.